The STATE of Ohio, Appellee,

v.

BIGGERS, Appellant.

[Cite as *State v. Biggers* (1997), 118 Ohio App.3d 788.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA06–725.

Decided March 18, 1997.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, *Thomas K. Lindsey* and *Joyce S. Anderson,* Assistant Prosecuting Attorneys, for appellee.

*Philip Lon Allen,* for appellant.

CLOSE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas denying appellant a new trial based on his claim of ineffective assistance of trial counsel.

Defendant-appellant, Maceo M. Biggers, was indicted on one count of trafficking in drugs, one count of carrying a concealed weapon, and one count of having a weapon while under disability. Appellant's trial was originally scheduled for December 13, 1995, but was continued on that date and on three subsequent trial dates. Of the four continuances granted by the trial court in this case, three were at the request of the defense. Finally, on April 22, 1996, the last assigned trial date, defense counsel requested yet another continuance, stating on the record that he was not prepared to go forward. The court overruled the defense counsel's request and ordered trial to commence.

Prior to the beginning of trial, the prosecution requested a motion *in limine* to exclude appellant's witness because appellant had failed to offer reciprocal discovery. The trial court granted the prosecution's motion, excluding appellant's only witness other than himself. Also, at this time, defense counsel moved for a

jury view. The trial judge overruled this motion, citing defense counsel's lack of preparedness in making arrangements for a jury view. Trial commenced and the jury returned guilty verdicts on all three charges. Subsequently, appellant filed a motion for a new trial, which the trial court overruled. Trial counsel filed a notice of appeal, which this court *sua sponte* dismissed for failure to timely file. Appellant, with new counsel, filed a motion to reopen his appeal, pursuant to App.R. 26, which this court granted.

Appellant brings a single assignment of error:

"The trial court erred as a matter of law or abused its discretion in not granting appellant's request for a new trial for appellant's prior counsel was ineffective at trial."

■ " '[T]he right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691, citing *McMann v. Richardson* (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773–774, fn. 14. Generally, a properly licensed attorney practicing in this state is presumed to be competent. *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 497–498, 358 N.E.2d 623, 626–627. However, in rare situations where counsel has done nothing more in the preparation of the case than be a warm body, prejudice is presumed. See *United States v. Cronic* (1984), 466 U.S. 648, 659–660, 104 S.Ct. 2039, 2047–2048, 80 L.Ed.2d 657, 668–669. Further, where prejudice cannot be presumed, the Supreme Court of Ohio sets forth the test to determine whether the accused has been denied his right to effective assistance of counsel, which is whether the accused, under all of the circumstances, had a fair trial and whether substantial justice was done. *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. In making this determination, a "two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, * * * there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *Lytle*, 48 Ohio St.2d at 397, 2 O.O.3d at 498, 358 N.E.2d at 627; *Strickland*.

■ The issue in the instant case is whether appellant's counsel was acting effectively on appellant's behalf. In review of the record now before this court, we find many instances of defense counsel's ineffective assistance to appellant. The transcript of the trial reflects that defense counsel admitted unequivocally that he was not prepared to go to trial.

"MR. WATSON: Your honor, with all due respect, I indicated to the court earlier I'm faced with this: I am not prepared to go forward to represent my client at this time. * * * "

Other remarks made on the record indicate that defense counsel had done little or nothing in the four months during which he had been assigned to the case. Given the fact that defense counsel admittedly did not prepare, it can be presumed that appellant was prejudiced by defense counsel's inaction, thereby warranting a holding of ineffective assistance of counsel.

█ Even if one were to find that prejudice could not be presumed, there are numerous other indicia of ineffective assistance of counsel that would support the same holding. Defense counsel, although obligated to do so, had not provided the prosecution with reciprocal discovery. That particular failure by defense counsel precluded appellant's only witness other than himself from testifying at the trial. As a result, appellant was left with a defense that consisted of his testimony against that of the police officers. Appellant was, as a witness, probably not very credible because of his felony record. Regardless of whether the testimony of appellant's witness merely would have mirrored the testimony of appellant, the issue becomes one of credibility. Appellant's other witness may have put into question appellant's guilt beyond a reasonable doubt, simply because she may not have had a record. If for no other reason than because of the failure to provide reciprocal discovery, which precluded the use of a witness, counsel's actions, or lack thereof, in the facts of this case, amounted to ineffective assistance of counsel and prejudiced appellant.

Yet another instance of ineffective assistance of counsel was defense counsel's failure to appear on one of the scheduled trial dates. On January 8, 1996, appellant appeared, even though defense counsel failed to show, at which time appellant was forced to request a continuance in order to obtain counsel. In addition, defense counsel failed to timely move for a jury view, although he indicated to the court that it was very important in this case. Moreover, the case can also be made that defense counsel was remiss in his failure to file *any* motions, including failure to file a motion to suppress evidence based on the reasonableness of the stop. Viewing all of the circumstances surrounding this case, we find that appellant received neither a fair trial nor substantial justice. *Hester.*

We are not unmindful of the difficult position in which this places the trial court. With the volume of cases heard by the trial courts on a regular basis, it is incumbent upon the trial judges to keep their dockets moving in an expeditious yet judicious manner. When counsel, because of his dilatory actions and lack of effort to prepare, forces disposition of a matter that prejudices the criminal defendant, counsel places the trial court in a difficult position. No matter how difficult the position in which the trial court is placed, however, the trial court must not permit its impatience and/or disgust with the actions, or inactions, of trial counsel to result in an unfair detriment to the criminal defendant. The trial

court has many tools available by which to facilitate attorney compliance. It can terminate an attorney's involvement in a case. In the case of court-appointed counsel, the trial court can proceed pursuant to the Local Rules to disqualify counsel from serving in future court-appointed cases. The trial court can report any attorney misconduct to the Disciplinary Counsel or to an appropriate certified grievance committee. Also, in an appropriate situation, the trial court could lodge a contempt of court against counsel. We have taken prosecuting attorneys to task for their misconduct during trial; likewise, we must do the same with defense attorneys in order to ensure that professional standards are maintained. In the instant matter, defense counsel did not satisfy even the most minimal of standards.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for appointment of competent counsel and retrial of the matter.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., and JOHN C. YOUNG, J., concur.