OPINION
{¶ 1} Defendant-appellant, Raymond Wade Allen, appeals from a judgment of the Franklin County Court of Common Pleas finding appellant guilty of one count of possession of cocaine in violation of R.C. 2925.11
and sentencing him accordingly. For the following reasons, we affirm that judgment.
 {¶ 2} By indictment filed March 26, 2002, appellant was charged with the above count. After entering a not guilty plea, appellant proceeded to a trial. On the day of trial, appellant's public defender, Dane Chavers, informed the court that appellant had requested that he withdraw his previously filed request for discovery. Because appellant asserted his complete innocence, appellant felt that any discovery would taint his knowledge of the facts of the case. Chavers complied with appellant's request and withdrew his previously filed discovery request and returned, without reviewing, the discovery that he had already received from the state. As a result, Chavers stated to the court that "there is very little that I can do to represent this person because I've been effectively hamstrung by my client." The court told appellant to work out a defense strategy with Chavers and appellant told the court that there was no defense strategy. With that, appellant waived his right to a jury trial and was tried to the court. The trial court found appellant guilty of one count of possession of cocaine and sentenced him accordingly.
 {¶ 3} Appellant now appeals, assigning the following error:
 {¶ 4} "The appellant was denied his right to effective assistance of counsel and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 5} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668; accord State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 6} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 7} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana (1955), 350 U.S. 91, 101. Appellant alleges he received ineffective assistance of counsel due to Chavers' failure to request discovery from the state. As noted above, appellant specifically instructed Chavers not to request discovery from the state. The decision to forego discovery could be a sound trial strategy, albeit one that was ultimately unsuccessful. See State v. Williams (Mar. 27, 1991), Lorain App. No. 90CA004830, citing State v. Flors (1987), 38 Ohio App.3d 133,139. The reasonableness of counsel's determination concerning the extent, method and scope of any criminal discovery necessarily depends upon the particular facts and circumstances of each case. State v. Wilson (Oct. 22, 1992), Cuyahoga App. No. 61199.
 {¶ 8} Appellant proclaimed his innocence to the court. He stated that he had no knowledge of the offense and argued that he did not want to be tainted by the information contained in discovery. Therefore, the decision to forego discovery reflects an attempt to bolster appellant's credibility with the court. Appellant's trial was a simple one, involving only the testimony of appellant and the arresting police officer. The trial court did not find appellant's testimony credible. Any attempt at bolstering appellant's credibility could be a reasonable trial strategy when credibility was crucial to the resolution of the case.
 {¶ 9} Appellant contends that Chavers' statement about being "hamstrung" demonstrates he did nothing to prepare for trial. We disagree. First, as previously noted, appellant requested that Chavers forego discovery and Chavers honored his client's wishes. Appellant has only himself to blame for the decision to forego discovery. Jones v. Page (C.A. 7 1996), 76 F.3d 831, 847. More significantly, there is no indication in the record that Chavers failed to prepare for trial. Chavers competently and fully cross-examined the arresting police officer. Cf. State v. Rose (Oct. 28, 1995), Madison App. No. CA84-03-012 (no ineffective assistance of counsel, even though no formal discovery conducted, where counsel exercised the full opportunity to cross-examine the state's witnesses). Chavers was also able to provide the court with appellant's background for purposes of sentencing. The facts of this case were relatively simple and uncomplicated. Given his client's wishes, the relatively simple nature of the case, the scope of his cross-examination and his arguments at sentencing, we cannot conclude that Chavers failed to prepare for trial or failed to exercise reasonable professional judgment.
 {¶ 10} Even assuming Chavers' decision to forego discovery was deficient, under the second prong of Strickland, we do not see how appellant was prejudiced by counsel's failure to request discovery. First, appellant does not state how he was prejudiced by the decision to forego discovery. Second, there is nothing to indicate what facts may have been revealed if discovery had been conducted. In re Baby Girl Doe,149 Ohio App.3d 717, 2002-Ohio-4470, at ¶ 103. Third, appellant does not reveal how the outcome would have been different if discovery had been conducted. Appellant himself told the court that there was no trial strategy and he was the only witness to testify on his behalf. There is no allegation that Chavers could have called any other witnesses to testify or adopted any other trial strategy if discovery had been conducted. This distinguishes the present case from our decision in State v. Biggers (1997), 118 Ohio App.3d 788, wherein we found counsel ineffective for completely failing to prepare for trial. That failure prevented counsel from presenting a proposed defense witness, a fact relied upon by this court in finding that the defendant was prejudiced by counsel's failure to prepare for trial. Id. at 789. Appellant herein does not point to any witness Chavers would have called in his defense had he received discovery. Appellant has failed to show that he was prejudiced by the decision to forego discovery. Absent a showing of prejudice, appellant's claims of ineffective assistance of counsel must fail.
 {¶ 11} Having found that trial counsel was not deficient in foregoing discovery and that appellant was not prejudiced by that decision, even if the decision was deficient, we hold that appellant did not receive ineffective assistance of counsel which would deprive him of a fair trial. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, J., concurs.
BRYANT, J., concurs separately.