OPINION
{¶ 1} Raymond Ladelle Hairston appeals from his conviction and sentence following a no-contest plea to one count of heroin possession.
 {¶ 2} Hairston advances two assignments of error on appeal. First, he contends the trial court erred in overruling his motion to suppress an incriminating statement he made following his arrest. Second, he claims the trial court erred in overruling his motion to dismiss on speedy trial grounds.
 {¶ 3} The record reflects that Hairston was a passenger in a vehicle that was the subject of a traffic stop conducted by Dayton police officer Scott Florea. At Hairston's suppression hearing, Florea, the sole witness, testified that he stopped the car for impeding the flow of traffic. As Florea approached the stopped car with fellow officer Erik Steckel, he saw Hairston "reach down from the front seat into the back seat and throw a baggie down[.]" The baggie contained a "brown rock-like chunky substance," which Florea suspected was heroin. As a result, Florea retrieved the baggie and arrested Hairston. After being arrested and placed in a police cruiser, Hairston "just started talking" and stated that he threw the baggie down because it was sitting on his seat and he did not want to be caught with it. Florea testified that this statement was not in response to any police questioning.
 {¶ 4} Based on Florea's testimony, the trial court overruled Hairston's motion to suppress the incriminating statement. In so doing, the trial court held that the traffic stop was constitutional and that Florea had probable cause to arrest Hairston. With regard to the incriminating statement, the trial court held that Miranda warnings were not required because Hairston volunteered the statement, which was not made in response to any police interrogation.
 {¶ 5} Hairston subsequently filed a motion to dismiss his indictment on the basis of a speedy trial violation. The trial court overruled the motion, however, finding no speedy trial violation. In support, it noted that Hairston's trial had been set for November 15, 2004, which was within the statutory speedy trial time period. The trial court then explained that it had rescheduled Hairston's trial for December 20, 2004, which was beyond the statutory speedy trial time period, because of a docket conflict involving the trial of a complicated aggravated murder case. For several reasons, which it explained on the record, the trial court found that rescheduling Hairston's trial for December 20, 2004, was reasonable. As a result, it overruled his motion.
 {¶ 6} Shortly thereafter, Hairston entered a no-contest plea to one count of heroin possession. The trial court imposed a six-month prison sentence and ordered it to be served concurrently with a longer sentence Hairston was serving in another case. This timely appeal followed.
 {¶ 7} In his first assignment of error, Hairston contends his incriminating statement was the product of the functional equivalent of police interrogation. Because he made the statement prior to being advised of his Miranda rights, Hairston asserts that it should have been suppressed. We disagree. It is true that custodial interrogation is not limited to express questioning. It includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis
(1980), 446 U.S. 291, 301. Having reviewed the full suppression hearing transcript, however, we find no words or actions by Florea that were reasonably likely to elicit the incriminating statement made by Hairston. Indeed, Florea testified that Hairston "just started talking" while the officers were completing his paperwork. Consequently, Hairston's statement was not the product of custodial interrogation and Miranda did not apply. Hairston's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Hairston contends the trial court erred in overruling his motion to dismiss on speedy trial grounds. He asserts a violation of his statutory right to a speedy trial because he was not brought to trial within 270 days, as required by R.C. § 2945.71. He also alleges a violation of his constitutional right to a speedy trial because he was not tried within one year of his indictment.
 {¶ 9} With regard to Hairston's statutory speedy trial argument, the record reflects that the trial court set a trial date of September 27, 2004. It later continued the trial date until November 15, 2004. The parties appear to agree, and we find based on our review of the record, that as of November 15, 2004, Hairston's statutory speedy trial time had not expired. Rather than conducting a trial on November 15, 2004, however, the trial court on that date sua sponte continued the trial until December 20, 2004. On appeal, Hariston argues that his statutory speedy trial time expired between November 15, 2004, and December 20, 2004. Therefore, he argues that the trial court should have sustained his motion to dismiss, which he filed on December 20, 2004.
 {¶ 10} Upon review, we find no merit in Hairston's argument. As noted above, Hairston's statutory speedy trial time had not yet expired on November 15, 2004, when the trial court sua sponte continued the matter until December 20, 2004. Under R.C. §2945.72(H), the time within which an accused must be brought to trial may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion." Thus, the crucial issue is whether the trial court's November 15, 2004, continuance was a reasonable one. In support of its decision, the trial court provided the following explanation:
 {¶ 11} "This matter was before the Court for jury trial on November 15, 2004. The case had previously been set for a Jury Trial on September 27, 2004. That trial date was continued because the Defendant had another case, 2004 CR 1534/1, which was tried to a jury beginning on September 15, 2004. The Defendant was found guilty in that case of several charges including a first degree felony drug possession which requires mandatory incarceration. Sentencing in that case was set for October 12, 2004.
 {¶ 12} "In case 2004 CR 1534/1, on October 12, 2004, Hairston was sentenced to seven (7) years in prison on the principle charge, with time for the other counts to run concurrently. It had been anticipated that the Defendant would then enter a plea in this case, 2003 CR 04070/1, with the understanding that in exchange for a plea, the Defendant would receive a six (6) month minimum prison sentence to run concurrently with his mandatory sentence in 2004 CR 1534/1. After sentencing in 2004 CR 01534/1, however, the Defendant requested to reset a jury trial in 2003 CR 04070. The trial was set for November 15, 2004, which, at that time, was the earliest reasonably available time given the Court's criminal trial schedule (3 criminal jury trials scheduled the week of October 25th, 3 criminal jury trials set for the week of November 1st and 4 criminal jury trials set for the week of November 8, 2004).
 {¶ 13} "For the week of November 15, 2004, the Court already had two (2) jury trials scheduled. Case 2004 CR 01934/1, with a speedy trial expiration in March 2005, was continued by the Court. The other case, 2004 CR 00923/2 is an Aggravated Murder case for which speedy trial time had been waived when the Defendant had been represented by prior counsel. The Aggravated Murder case involved numerous scheduled witnesses, forensic evidence, and delicate legal issues. Accordingly, the Court vacated the trial date in the instant matter in order to proceed with the previously scheduled Aggravated Murder case, and specifically concluded that the continuance was reasonable.
 {¶ 14} "The Court further notes that this case has been reset to the soonest reasonably available date * * *."
 {¶ 15} Although Hairston contends the trial court should have continued the aggravated murder case rather than his, we conclude that the decision to continue the present case from November 15, 2004, to December 20, 2004, was reasonable. The trial court fully explained the logistical complexities of rescheduling the aggravated murder case. We note too that Hairston already had been sentenced to prison for seven years in another case, and the one-month delay had little, if any, practical effect on him. It is well settled that docket congestion may be grounds for a reasonable continuance under R.C. § 2945.72(H), provided that the trial court gives a timely explanation for its action. See, e.g.,State v. McCall, 152 Ohio App.3d 377, 2003-Ohio-1603; State v.Jones (1997), 119 Ohio App.3d 59. The trial court did so here. Accordingly, we find no violation of Hairston's statutory speedy trial right.
 {¶ 16} We likewise find no violation of his constitutional right to a speedy trial. In Barker v. Wingo (1972),407 U.S. 514, the Supreme Court established a balancing test for determining whether a defendant's constitutional right to a speedy trial has been violated. The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. These interests are to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired. Id. at 532.
 {¶ 17} In the present case, Hairston was indicted on November 25, 2003, and the trial court was prepared to try his case on December 20, 2004. In our view, the length of the delay in this case was reasonable, particularly in light of the reasons for it. Although the total delay was a little more than one year, Hairston caused much of it by filing a motion to suppress and requesting continuances. We also find absolutely no actual prejudice to Hairston as a result of the delay. There was no pretrial incarceration in this case, as Hairston was serving a seven-year sentence for another conviction. In light of the other sentence, we also doubt whether the relatively minor charge in this case caused him much anxiety or concern. Finally, Hairston does not even allege that the delay impaired his defense. We have no difficulty concluding that the pretrial delay in this case did not violate Hairston's constitutional speedy trial right. His second assignment of error is overruled.
 {¶ 18} Based on the reasoning set forth above, we hereby affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Fain, J., concur.