OPINION
{¶ 1} Christopher Moffo was convicted by a jury in the Greene County Court of Common Pleas of domestic violence, in violation of R.C. 2919.25(A), and abduction, in violation of R.C.2905.02(A)(2). He was acquitted of one count of felonious assault. Moffo was sentenced to seventeen months in prison for domestic violence and to four years in prison for the abduction.
 {¶ 2} According to the state's evidence, on August 6, 2005, Moffo was at the home of his ex-wife, Kathy Moffo, with whom he was trying to reconcile. During the evening hours, Moffo was drinking with Donald Hall, Kathy's son, and Robert Baer, Donald's friend. All three were intoxicated. Kathy also had drunk beer, but was not intoxicated. Sometime later, Donald's friend, Kimberly Poston, arrived to socialize. Kimberly was sober during all of the relevant events.
 {¶ 3} While Donald, Robert, and Kimberly were in the kitchen, Moffo and Kathy were dancing and talking in the living room. As a result of their conversation, Moffo became agitated, carried her to the bedroom, and assaulted her. During the course of the assault, Kimberly went down the hallway, heard Kathy screaming for help, and got Donald and Robert to help her. Robert kicked open the bedroom door, which was locked, and the three found Moffo on top of Kathy. Kathy ran out of the house, followed by Donald. Moffo gave Kimberly the keys to Robert's car and told her "to find her and not let her go to the cops and bring her back to the house."
 {¶ 4} Kimberly located Kathy, Donald, and Robert nearby. As Kathy was getting in Robert's car, Moffo pulled up behind them in his truck, got out, and attempted to get into Robert's car. Kimberly, Donald, Robert, and Kathy sped away in Robert's car. Eventually, the group stopped at a Rally's and flagged down a sheriff's deputy. A Xenia police officer was dispatched to the restaurant and Kathy was taken to the hospital. The following day, a note written by Moffo apologizing for the incident was found on the kitchen table.
 {¶ 5} On August 7, 2005, Moffo was arrested by Xenia Police Officers Pierson and Beegle. Pierson testified that Moffo ran when he was ordered to stop and that they eventually located him underneath a trailer.
 {¶ 6} Testifying on his own behalf, Moffo stated that he told Kathy on August 6, 2005, that he was going to move out because of illegal and disruptive activities occurring at the house. Moffo noted that Robert's sister had gotten into a fight with a neighbor and that Donald and Kimberly had been using cocaine in the garage. Moffo indicated that he was on parole and did not want to risk problems with the police. Moffo testified that Kathy became belligerent, attacked him with a fireplace poker, and had a panic attack. He denied that he had assaulted her. Rather, he testified that Kathy received injuries when she fell upon leaving the house. Moffo indicated that he attempted to enter Robert's car to calm Kathy down and that he may have hit her by accident when the car sped off. He stated that the note that was found was written two days before to apologize for another matter. As to his arrest, Moffo testified that he did not hear the police officers' command to stop and that he had been sleeping under the trailer when he was apprehended.
 {¶ 7} Moffo appeals from his convictions and sentences, raising three assignments of error.
 {¶ 8} I. "THE TRIAL COURT DENIED MOFFO'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 9} In his first assignment of error, Moffo claims that he was denied the effective assistance of counsel because his attorney failed to prepare adequately for trial.
 {¶ 10} In order to demonstrate ineffective assistance of counsel, Moffo must establish that his counsel's representation fell below an objective standard of reasonableness and that he has been prejudiced by his counsel's deficient performance.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. "Reversal of a conviction for ineffective assistance of counsel `requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Hand,107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d. 151, at ¶ 199. Moreover, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, 466 U.S at 694; Bradley, 42 Ohio St.3d at 142.
 {¶ 11} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See Strickland, 466 U.S. at 689. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id.; State v.Parker, Montgomery App. No. 19486, 2003-Ohio-4326, ¶ 13.
 {¶ 12} On appeal, Moffo claims that his counsel failed to prepare for trial and that it should be presumed that he was prejudiced by this attorney's inaction. Moffo notes that his attorney admitted prior to trial that he had failed to hire a private investigator because "it slipped [his] mind," that his preparation was "not as good as it should have been," that he had not subpoenaed witnesses that Moffo wished to call, and that he had not subpoenaed hospital records that Moffo desired.
 {¶ 13} Moffo relies upon State v. Biggers (1997),118 Ohio App.3d 788, 694 N.E.2d 108, to support his assertion that his counsel's lack of preparation constituted ineffective assistance. In Biggers, the Tenth District presumed that the defendant was prejudiced by his counsel's failure to prepare for trial when the attorney unequivocally admitted that he was not prepared to go to trial on the scheduled trial date and he had done little or no preparation in the four months that he had been assigned to the case. The court of appeals further found that, even if prejudice could not be presumed, there were numerous indicia of ineffective assistance, such as (1) defense counsel's failure to provide reciprocal discovery, which resulted in the exclusion of the defendant's only witness other than himself, (2) defense counsel's failure to appear on one of the scheduled trial dates, (3) defense counsel's failure to timely move for a jury view, and (4) defense counsel's failure to file any motions, including a motion to suppress. The appellate court reversed the defendant's conviction based on ineffective assistance of counsel and remanded the case for a new trial.
 {¶ 14} Although we are disturbed with the admitted level of preparation — or lack thereof — by Moffo's counsel, we cannot determine, based on the record before us, that his conduct rose to the level of ineffectiveness demonstrated in Biggers.
Although Moffo's counsel admitted that his preparation could have been better, he indicated that he was prepared to proceed with the trial. Moffo's counsel stated that he had received and reviewed the discovery provided by the state, and he indicated that it was "actually a little bit better discovery" than required by Crim.R. 16 due to his participation in a prior municipal court case involving Moffo. He further stated that he had seen the letter allegedly written by Moffo, which the state intended to use at trial. Moffo himself indicated that he had met with his attorney for one hour and forty-five minutes since the previous Friday and they had met once before. Defense counsel stated that he had heard about one of Moffo's proposed experts, a pharmacist, on the Friday before trial, and that he had prepared a subpoena for medical records that he planned to deliver that day. Although defense counsel had not previously served any subpoenas on prospective defense witnesses, the court offered to serve any subpoenas that Moffo wished to have served and it obliged to the extent that the court was given names and addresses. In his case-in-chief, Moffo called six witnesses other than himself: Phillip Robertson, who agreed to testify without a subpoena, and five individuals who had previously testified for the state. In his questioning of the state's witnesses during his case-in-chief, defense counsel was able to elicit testimony that substantiated portions of Moffo's version of events. At the conclusion of the trial, Moffo was acquitted of felonious assault, the most serious offense with which he was charged. Based on these circumstances, we cannot presume that Moffo was prejudiced by his counsel's level of preparation.
 {¶ 15} Prior to trial, Moffo repeatedly indicated to the trial court that there were individuals who witnessed the events outside of his home on August 6, 2005, and that these individuals could substantiate his version of events. Defense counsel admitted that he did not speak with these individuals, and he indicated that the hiring of an investigator had "slipped his mind." While these circumstances raise the specter of ineffective assistance of counsel, the record is devoid of any evidence that Moffo was prejudiced by his counsel's actions. There is no evidence that any of the uncalled prospective defense witnesses had relevant, admissible evidence or that their testimony would have substantiated Moffo's version of events. Accordingly, we cannot conclude, based on the record, that there is a reasonable probability that the outcome of Moffo's trial would have been different had additional defense witnesses testified.
 {¶ 16} The first assignment of error is overruled.
 {¶ 17} II. "THE TRIAL COURT DENIED MOFFO'S DUE PROCESS RIGHTS BY FORCING HIM TO CHOOSE BETWEEN TWO CONSTITUTIONAL RIGHTS."
 {¶ 18} In his second assignment of error, Moffo claims that he was forced to choose between his constitutional right to effective assistance of counsel and his constitutional right to a speedy trial. We find Moffo's argument lacks merit for several reasons.
 {¶ 19} First, in light of our disposition of Moffo's first assignment of error, the record does not support a conclusion that Moffo was, in fact, required to select between his speedy trial right and the effective assistance of counsel. It has not been demonstrated that his counsel rendered ineffective assistance, and Moffo was tried approximately sixty days after his arrest. Accordingly, the record indicates that both Moffo's constitutional right to a speedy trial and his right to the effective assistance of counsel were honored.
 {¶ 20} Secondly, in arguing that he was forced to choose between his constitutional right to the effective assistance of counsel and his constitutional right to a speedy trial, Moffo conflates his statutory right to a speedy trial with his constitutional right to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. In Barker v. Wingo (1972), 407 U.S. 514, the Supreme Court established a balancing test for determining whether a defendant's constitutional right to a speedy trial has been violated. The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. These interests are to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired. Id. at 532; see, also, State v.Hairston, Montgomery App. No. 20844, 2006-Ohio-2669, ¶ 16 (13-month delay did not violate defendant's constitutional right to a speedy trial). Although R.C. 2945.71 "constitute[s] a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor," State v. O'Brien (1987),34 Ohio St.3d 7, 9, 516 N.E.2d 218, a trial court's failure to bring a defendant to trial within the time limitations set forth in R.C.2945.71 does not necessarily result in a violation of the defendant's constitutional right to a speedy trial underBarker.
 {¶ 21} Finally, we note that the Ohio's speedy trial statute permits the defendant's trial to be delayed for "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). It is well-established that docket congestion may be grounds for a reasonable continuance under R.C.2945.72(H), provided that the trial court gives a timely explanation for its action. Hairston at ¶ 15. Accordingly, the trial court could have, sua sponte, opted to delay Moffo's trial until the next available trial date in order to provide his counsel additional time to prepare without violating either Moffo's statutory or constitutional speedy trial rights.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} III. "THE TRIAL COURT ERRED IN ITS SENTENCING OF MOFFO."
 {¶ 24} In his third assignment of error, Moffo claims that the trial court erred in sentencing him under Ohio's sentencing structure. He recognizes that, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that the statute under which he was sentenced was unconstitutional. Moffo concedes that his sentence was proper under the unconstitutional statute, but he notes that Foster
requires that his case be remanded for review of his sentence.
 {¶ 25} Although Moffo acknowledges Foster's mandate, he argues that the retroactive application of Foster to his sentence would violate his right to due process and the Ex Post Facto Clause of the United States Constitution. He asserts that R.C. 2929.14 provided a presumption of minimum and concurrent sentencing, which was eliminated by Foster to his prejudice. He requests that, upon remand, the trial court "apply the sentencing laws as [they] were written at the time Moffo committed the offenses and was sentenced for these offenses." In other words, Moffo wishes to be sentenced to minimum, concurrent terms for the offenses.
 {¶ 26} As an Ohio court inferior to the Supreme Court of Ohio, we are required to follow the supreme court's mandates, and we lack the jurisdictional power to declare a mandate of the Supreme Court of Ohio to be unconstitutional. State v. Durbin,
Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶ 42. Accordingly, Moffo's argument that the mandate of the supreme court in Foster violates the United States Constitution is not cognizable in this court.
 {¶ 27} To the extent that Moffo argues that the trial court erred in his sentencing, pursuant to Foster, the assignment of error is sustained.
 {¶ 28} The sentence is reversed, and the matter is remanded for resentencing. The trial court's judgment is affirmed in all other respects.
Brogan, J. and Fain, J., concur.