The STATE of Ohio, Appellee,

v.

BLAIR, Appellant.

[Cite as *State v. Blair,* 171 Ohio App.3d 702, 2007-Ohio-2417.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21651.

Decided May 18, 2007.

Amy B. Musto, Assistant City Prosecutor, for appellee.

Arvin S. Miller, for appellant.

WALTERS, Judge.

{¶ 1} Defendant–appellant, James C. Blair, appeals a judgment of the Dayton Municipal Court finding him guilty of violation of a protection order, a misdemeanor of the first degree, R.C. 2919.27, and sentencing him to a suspended sentence of 180 days in jail. Blair asserts that the trial court improperly denied his motion for a continuance of the trial and that he was not afforded effective assistance of counsel at trial. Finding that Blair's counsel was ineffective, we reverse the conviction and remand the cause.

{¶ 2} On April 4, 2006, a complaint was filed in the Dayton Municipal Court charging Blair with violation of a protection order. A summons was issued by both certified and regular mail. Blair appeared, pursuant to that summons, to answer the charge on April 13, 2006, at which time he entered a not-guilty plea and requested the appointment of a public defender. The trial court released Blair on a recognizance bond. On April 18, 2006, Assistant Public Defender Julie Dubel entered an appearance on behalf of Blair. At a pretrial conference on May 4, 2006, with Dubel appearing for Blair, a trial date was set for May 17, 2006.

{¶ 3} On May 15, 2006, Assistant Public Defender Shawn Irish filed a demand for a jury trial in the matter. The state filed an objection, based upon timeliness, on May 16, 2006. On May 17, 2006, Irish appeared with Blair for trial and requested a continuance, stating that he was not prepared to proceed, that he had not been aware of the trial date until the day prior to trial, May 16, that prior trial counsel (Dubel) had not filed a notice of alibi, and that he had two alibi witnesses present, although he had not had time to interview them or any of the other witnesses. Irish told the court that if the matter proceeded to trial, he would not ask any questions of any witnesses, nor would he present any defense, including argument, for Blair.

{¶ 4} The trial court overruled the motion for a continuance, and the matter proceeded to trial before the court. The state called witnesses in support of the charge. Neither Irish nor Blair examined any witness or objected to any testimony or any exhibit. The state presented a closing argument, but, again, neither Irish nor Blair made any argument on Blair's behalf.

{¶ 5} At the conclusion of this proceeding, the trial court found Blair guilty of the charge and sentenced him to a suspended jail sentence of 180 days and one year of supervised probation. Also, at the sentencing, neither attorney Irish nor Blair participated.

{¶ 6} It is from this conviction that Blair appeals, setting forth two assignments of error for our consideration.

### First Assignment of Error

{¶ 7} "The trial court's denial of Appellant's request to continue the trial denied Appellant his U.S. and Ohio Constitutional right to effective assistance of counsel."

### Second Assignment of Error

{¶ 8} "Appellant was denied due process and his constitutionally guaranteed right to effective assistance of counsel."

{¶ 9} Because the assignments of error are inextricably related, we will address them together.

{¶ 10} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 423 N.E.2d 1078. "Abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 11} Whether the trial court abused its discretion by denying a requested continuance depends upon the reasons offered for the requested continuance. *State v. Powell* (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191. The potential prejudice to the defendant must be weighed against "a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Unger*, 67 Ohio St.2d at 67, 21 O.O.3d 41, 423 N.E.2d 1078. Relevant factors include the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance that gives rise to the request. Id. at 67–68, 21 O.O.3d 41, 423 N.E.2d 1078.

{¶ 12} A review of the record, skimpy as it is, demonstrates that there were no prior requests for continuance filed by either the state or Blair, and it discloses that the reason for the requested continuance on the day of trial was that defense counsel claimed that he had not had personal notice that the matter was set for trial until the day before and that he had had no opportunity to interview witnesses or to prepare for trial. Apparently, notice was had by the Office of the Public Defender, and Irish's cohort, from the same office, was present at the pretrial when the trial date was set. The record also shows that the trial date was set no more than 40 days after the service of the summons on Blair, 34 days after his plea of not guilty was entered, and that Blair was not in jail for any of

that time. Clearly, speedy-trial considerations were not implicated by the requested continuance. Also, while the state's witnesses were present as well as witnesses for Blair, the record does not demonstrate that there would have been any great or unusual inconvenience to anyone, including the court, by granting a continuance. And, although the state argues in its brief that Blair and his attorney, Irish, appeared to have discussed a trial strategy of requesting a continuance and then sitting silent at trial while the state conducted its case if it was denied, the record fails to demonstrate this.

{¶ 13} " '[T]he right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674, quoting *McMann v. Richardson* (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763, fn. 14. Generally, a properly licensed attorney practicing in this state is presumed to be competent. *State v. Lytle* (1976), 48 Ohio St.2d 391, 397, 2 O.O.3d 495, 358 N.E.2d 623. However, in rare situations when counsel has done nothing more in the preparation of the case than be a warm body, prejudice is presumed. See *United States v. Cronic* (1984), 466 U.S. 648, 659–660, 104 S.Ct. 2039, 80 L.Ed.2d 657. Furthermore, when prejudice cannot be presumed, the Supreme Court of Ohio sets forth the test to determine whether the accused has been denied his right to effective assistance of counsel, which is whether the accused, under all the circumstances, had a fair trial and whether substantial justice was done. *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. In making this determination, a "two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, * * * there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *Lytle,* 48 Ohio St.2d at 396–397, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 14} In reviewing the record now before this court, we find several instances of defense counsel's ineffective assistance to appellant. The transcript of the trial reflects that defense counsel, Irish, stated unequivocally that he was not prepared to go to trial and that he believed his lack of preparation would constitute ineffective assistance of counsel.

{¶ 15} "MR. IRISH: Your honor, * * * I'm not prepared to ask any questions of any witnesses nor present any evidence whatsoever and I believe that constitutes ineffective assistance of counsel."

{¶ 16} Other remarks made on the record indicate that both attorneys assigned by the Office of the Public Defender had done little or nothing in the month during which that office had been assigned to the case. No motions were filed, no notice of alibi was filed, and no demand for a jury trial was filed. Given the

fact that defense counsel admittedly did not prepare, and then sat silently by as Blair was convicted without any defense whatsoever, it can be presumed that appellant was prejudiced by defense counsel's inaction, thereby warranting a finding of ineffective assistance of counsel.

{¶ 17} Even if we were to find that prejudice should not be presumed, there are other indicia of ineffective assistance of counsel that would support the same finding. Defense counsel had not filed a timely notice of alibi or a timely jury demand in this case. A notice of alibi needs to be filed seven days before trial, and a demand for a jury trial needs to be filed ten days before trial. The failure by defense counsel to file the notice of alibi precluded Blair's apparent best defense to the charge. And it is also apparent from the untimely filing of the demand for a jury trial that Blair desired to exercise his constitutional right in that regard as well.

{¶ 18} We are, however, troubled by the fact that upon defense counsel's statement that he would not participate in the trial, Blair did not independently request the trial court to appoint him new counsel. This might be construed to suggest, as the state argues, that Blair and Irish acted in concert as a trial strategy to create error and thereby gain additional time. However, the record reflects that the trial court did not engage in any dialogue with Blair at this point and appeared to have already determined that the trial would proceed in any event. We decline to presume such outrageous and clearly unethical behavior by counsel.

{¶ 19} We fully understand the difficult position in which defense counsel's behavior places the trial court. With the volume of cases heard by all trial courts, and especially the press of business in the municipal courts, it is incumbent upon the trial judges to keep their dockets moving in an expeditious manner. However, dockets must move judiciously and fairly as well.

{¶ 20} When counsel, because of his utter failure to prepare for trial, for whatever reason, and his refusal to discharge his ethical duty to represent his client adequately, forces disposition of a matter that is prejudicial to the criminal defendant, the trial court is placed in an untenable position. Regardless, the trial court must not permit its desire to move its docket and its disgust with the actions or inaction of trial counsel to result in an unfair detriment to the criminal defendant. The trial court has an independent duty to see that every defendant is afforded his constitutional rights.

{¶ 21} The trial court has a number of alternatives available by which to facilitate attorney compliance. It can terminate an attorney's involvement in a case. In the case of court-appointed counsel, the trial court can disqualify counsel from serving in future court-appointed cases. The trial court can report

any attorney misconduct to the Disciplinary Counsel or to an appropriate certified grievance committee. Also, the trial court can hold counsel or the entire Office of the Public Defender in contempt. See *State v. Biggers* (1997), 118 Ohio App.3d 788, 792, 694 N.E.2d 108.

{¶ 22} This court, as well as the trial court, has a duty to ensure that professional standards are maintained. In this matter, defense counsel did not satisfy even the most minimal standards of professional conduct.

{¶ 23} Viewing all the circumstances surrounding this case, we find that Blair received neither a fair trial nor substantial justice. *Hester*, 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304.

{¶ 24} Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for retrial of the matter.

> Judgment reversed
> and cause remanded.

FAIN, J., concurs.

DONOVAN, J., concurs in judgment only.

SUMNER E. WALTERS, J., retired, of the Third Appellate District, sitting by assignment.