OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Angela Elsner Nichols, filed July 20, 2006. On June 21, 2006, Brett Vance filed a Petition for Civil Stalking Protection Order against Nichols, his former girlfriend, in the Darke County Court of Common Pleas. On June 21, 2006, an ex parte hearing was held on Vance's Petition, with Vance appearing pro se. The Magistrate denied Vance's Petition, noting that "the Petitioner did not *Page 2 
present testimony of any actions by the Respondent which meets the requirements for an ex parte order." The Magistrate set the matter for a second hearing on July 10, 2006, noting that "Respondent requested a second hearing." On July 5, 2006, Nichols filed a handwritten Motion for Continuance, which provided that she "must be able to have 7-10 days notice to put in a request for a day off. Also I do not have legal representation [,] my attorney is John Tanner in Winchester, Indiana. Also this states I was present at original hearing and requested a second hearing. This is not true."
 {¶ 2} On July 10, 2006 a second hearing was held, at which time the trial court noted that the "pleadings in this case do not show return of service. It was sent certified mail June 30th, although on July 5th there's a motion for continuance that was filed by [Nichols]. The Court did not grant a continuance so it would be presumed that she has service. We just don't have a return receipt in the file yet." Nichols did not attend the scheduled second hearing, and Vance, represented by counsel, provided testimony. At the close of the hearing, the trial court, based on the testimony presented "and the circumstances, including the Respondent's failure to appear," granted Vance's Petition, issuing an Order of Protection.
 {¶ 3} Vance did not file a brief in response to Elsner's.
 {¶ 4} Elsner asserts two assignments of error. Her first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED BY GRANTING THE CIVIL PROTECTION ORDER SINCE IT DID NOT HAVE PERSONAL JURISDICTION OVER THE RESPONDENT BECAUSE OF FAILURE OF SERVICE OF THE PETITION UPON THE RESPONDENT" *Page 3 
 {¶ 6} "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." In re Crews (July 30, 1999), Montgomery App. No. 17670, quoting Mayhew v. Yova, 11 Ohio St. 3d 154, 156-57,464 N.E.2d 538.
 {¶ 7} Nichols argues that she was served the Magistrate's Order setting the second hearing date for July 10, 2006, but not with Vance's Petition for Civil Stalking Protection Order, and that "service of the Order, alone, was insufficient to confer personal jurisdiction over" her. We note that the file contains a Request for Service, dated June 30, 2006, which instructed the Clerk of Court to "issue a true copy of the Petition for a Civil Stalking Protection Order and the Magistrate's Order to Angela Elsner by certified mail, receipt requested." According to the U.S. Postal Service Receipt for Certified Mail, attached to the Request for Service, the correspondence was postmarked July 3, 2006. A return receipt indicates that the correspondence was received by Roger Elsner, Nichols' father, on July 5, 2006, in Winchester, Indiana.
 {¶ 8} Regardless of whether Nichols received Vance's Petition, she consented to the court's personal jurisdiction over her when she filed her Motion for Continuance. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, *Page 4 
who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 9} Since Nichols effectively consented to the court's personal jurisdiction over her, her first assignment of error is overruled.
 {¶ 10} "THE LOWER COURT ERRED BY FAILING TO GRANT RESPONDENT'S MOTION FOR CONTINUANCE"
 {¶ 11} "The United States Supreme Court has held that `[t]he fundamental requisite of due process of law is the opportunity to be heard.' (Internal citations omitted). The court has also held that: `An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. ` (Internal citations omitted).
 {¶ 12} "Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee `a reasonable opportunity to be heard after a reasonable notice of such hearing.'"Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hospital Assoc.
(1986), 28 Ohio St.3d 118, 502 N.E.2d 599, 28 O.B.R. 216.
 {¶ 13} "`The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion.' (Internal citations omitted). `Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.' (Internal citation omitted).
 {¶ 14} "Whether the trial court abused its discretion by denying a requested continuance *Page 5 
depends upon the reasons offered for the requested continuance. (Internal citation omitted). The potential prejudice to the defendant must be weighed against ` a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.' (Internal citation omitted). Relevant factors include the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance that gives rise to the request."State v. Blair, Montgomery App. No. 21651, 2007-Ohio-2417.
 {¶ 15} Since the request for continuance was never formally ruled upon, it is obviously deemed denied, and we cannot evaluate the court's rationale for denying it. We can only review the circumstances surrounding the denial. Nichols received notice on July 5, 2006, a Wednesday, that a full hearing was scheduled for July 10, 2006. This hearing was set with just three working days notice to Nichols. Nichols indicated to the Court on July 5, 2006, the same day that she received notice of the hearing, that she did not have a lawyer to represent her, and that she would not be able to miss work without 7-10 days notice to request time off from her employer. Nichols lives in Winchester, Indiana.
 {¶ 16} Had the Magistrate granted the ex parte protection order Vance sought, the court would have been required to schedule a full hearing within ten court days of the ex parte hearing. R.C. 2903.214(D)(2)(a). Since the court did not issue the ex parte order, the court was required to "proceed as in a normal civil action and grant a full hearing of the matter." R.C. 2903.214(D)(3). The Magistrate's finding that Vance did not present testimony meeting the requirements for an ex parte order suggests that Vance would not have been prejudiced by *Page 6 
Nichols' request for a short delay of an additional four to six days to obtain counsel and a day off work.
 {¶ 17} Nichols denies that she requested the full hearing, as noted by the Magistrate in her Order, and since the first hearing was ex parte, this denial is credible. The Magistrate's notation in her Order to the contrary may have suggested to the trial judge that Nichols was in fact prepared to proceed with a full hearing. There is nothing to suggest that Nichols' request was dilatory, purposeful or contrived. In other words, Nichols was denied a reasonable opportunity to be heard. There being an abuse of discretion, Nichols' second assignment of error is sustained. Judgment reversed and remanded.
 BROGAN, J. and FAIN, J., concur. *Page 1