[Cite as *State v. Howell*, 2016-Ohio-760.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0055 |
| V. | ) | |
| | ) | OPINION |
| ANTHONY HOWELL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 14 CRB 2197Y

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Attorney Jeff Moliterno
Assistant Prosecutor
Youngstown City Prosecutor Office
26 South Phelps Street, 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Edward Czopur
DeGenova & Yarwood, Ltd.
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 23, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant Anthony Howell appeals from his conviction and sentence entered in the Youngstown Municipal Court for domestic violence following a bench trial.

{¶2} Howell and S.F., who have an infant child together, got into an argument on September 5, 2014. The argument turned physical resulting in Howell hitting S.F. in the head. S.F. went to the Youngstown Police Department to report the incident and a detective took photographs of her. She later provided a written statement.

{¶3} Following the filing of a criminal complaint for first-degree-misdemeanor domestic violence in violation of R.C. 2919.25(A), which included S.F.'s signature, Howell was arrested on December 29, 2014. The case was filed in Youngstown Municipal Court under case no. 14CRB02197Y. The next day, on December 30, 2014, Howell appeared in court and entered a plea of not guilty. The docket contains a notation that Howell did not waive his right to a speedy trial. It also reflects that the court set bond at $2,500 and issued an order that Howell have no contact with the victim. The court set the case for pretrial on January 5, 2015.

{¶4} Meanwhile, three days later on January 2, 2015, Howell posted the required $2,500 bond. Howell appeared without counsel at the pretrial hearing on January 5, 2015, and indicated to the trial court that he would be hiring counsel.

{¶5} On January 12, 2015, the State filed a motion to revoke bond. The State alleged that on January 10, 2015, Youngstown police responded to a call regarding a fight. Howell got into a physical altercation with a different woman, J.H. She too is a mother to two of his young children. He hit her with a bat and broke out a window of her car with the bat while the children were in the backseat. Officers later stopped Howell driving S.F.'s car with her in it and arrested him for domestic violence and criminal damaging/endangering in connection with his assault on J.H. That case was filed in Youngstown Municipal Court under case no. 15CRB00028Y and was appealed separately to this court under case no. 15 MA 34.

{¶6} In an entry dated January 13, 2015, the trial court revoked Howell's

bond due to his contact with S.F. and remanded him to jail. The court appointed counsel for Howell on January 14, 2015, and set the matter for a bond forfeiture hearing and trial for January 21, 2015.

**{¶7}** Howell appeared with counsel on January 21, 2015, the date initially set for the bond forfeiture hearing and trial. At Howell's request, the trial court reset the trial for January 29, 2015. As for the bond forfeiture aspect of that hearing, the docket reflects that after the court inquired of the victim, the court lifted the no contact order and set bond at $3,500.

**{¶8}** Meanwhile, Howell posted a $3,500 bond on January 22, 2015, and was released from jail.

**{¶9}** The date set for trial arrived on January 29, 2015. That same day, Howell's appointed trial counsel filed a jury demand. The trial court ruled that the jury demand was untimely and the case proceeded to a bench trial. The State presented the testimony of the victim, S.F., and Detective Sergeant Hileman, who handled the investigation and filed the report. Howell testified on his own behalf, attempting to present an alibi defense, alleging that he was at his "other kid's mother's house," referring to J.H., at the time of the alleged incident with S.F. Following all of the testimony, the trial court found Howell guilty of domestic violence.

**{¶10}** The trial court then directed the parties' attention towards setting a date for sentencing. In response, the State indicated that Howell had been under house arrest at S.F.'s house and asked that the house arrest be terminated since S.F. herself had called police just the night before to have him removed following another altercation. S.F. addressed the court and said that it was not Howell's fault. The court then proceeded to revoke Howell's house arrest and forfeit his bond. Howell pleaded with S.F. to tell the court that he did not hurt her at which point the court found Howell in contempt and had him removed from the courtroom.

**{¶11}** The trial court conducted sentencing on February 24, 2015, for both of Howell's cases: case no. 14CRB02197Y involving victim S.F. and case no. 15CRB00028Y involving victim J.H. For the present case involving victim S.F., the

court sentenced Howell to 180 days in jail and a $250 fine plus court costs. For the case involving victim J.H., the court sentenced Howell to 3 years of intensive probation. As indicated, Howell appealed that decision to this court under case no. 15 MA 34, which remains pending.

{¶12} In the present case concerning the victim S.F., following the allowance of a delayed appeal, this court entered a stay of Howell's jail sentence on April 21, 2015.

{¶13} Howell's sole assignment of error states:

> Appellant was denied the effective assistance of trial counsel, pursuant to the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, thereby depriving him of a fair trial and requiring remand.

{¶14} Howell argues that he was denied the effective assistance of trial counsel because counsel did not prepare for trial. While Howell's appointed appellate counsel acknowledges that trial counsel filed a jury demand, although late, he highlights the absence of any other pretrial motions, pleadings, or notices filed by trial counsel as ineffectiveness. Concerning the trial itself, Howell argues that counsel continued to be ineffective by not making either an opening statement or closing argument, attempting to present an alibi defense without notice thereof or call the alibi witness (J.H.), and by not cross-examining one of the two witnesses presented by the State, the investigating officer.

{¶15} In order to prove ineffective assistance of counsel, an appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance was deficient, and second, the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Even if counsel's performance is considered deficient, a conviction cannot be reversed absent a determination that appellant was prejudiced.

*State v. Dickinson*, 7th Dist. No. 03 CO 52, 2004-Ohio-6373, ¶ 13, citing *Bradley*, 42 Ohio St.3d at 142, 538 N.E.2d 373.  To show that he has been prejudiced by trial counsel's deficient performance, appellant must prove that there is a reasonable probability that but for counsel's serious error, the result of the trial would have been different. *Id.*, citing *State v. Baker*, 7th Dist. No. 03 CO 24, 2003-Ohio-7008, ¶ 13; *State v. Keith*, 79 Ohio St.3d 514, 534, 684 N.E.2d 47 (1997).

**{¶16}** A court deciding an ineffective assistance claim does not need to "approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674.  Further, the appellant must affirmatively prove the alleged prejudice occurred. *Id.* at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674.  Otherwise, any act or omission of counsel would satisfy the test. *Id.*

**{¶17}** The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. No. 2000-CO-32, 2001 WL 741571 (June 29, 2001) citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).  Furthermore, "strategic or tactical decisions will not form a basis for a claim of ineffective assistance of counsel." *Dickinson* at ¶ 11, citing *State v. Clayton*, 62 Ohio St.2d 45, 48-49, 402 N.E.2d 1189 (1980).

**{¶18}** In *Dickinson*, this court stated "[e]ffectiveness is, 'not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel.'" *Id.* at ¶ 12, quoting *State v. Wilkins*, 64 Ohio St.2d 382, 390, 415 N.E.2d 303 (1980).  This court urged that the reasonableness of the attorney's decisions must be assessed at the time the decisions are made, and not at the time of assessment. *Id.*, citing *Wilkins*, 64 Ohio St.2d at 390, 415 N.E.2d 303.

**{¶19}** Howell attempts to liken his case to that in *State v. Blair*, 171 Ohio App.3d 702, 2007-Ohio-986, 872 N.E.2d 986 (2d Dist.).  In that case, a local public defender was appointed to represent the defendant one month prior to trial.  The public defender did not file any motions on the defendant's behalf, filed an untimely

demand for a jury trial, and did not file a notice of alibi, which was the defendant's apparent best defense to the charge. The trial court found defendant guilty following a bench trial. On review, the Second District found that the deficiencies of trial counsel were such that prejudice was presumed.

**{¶20}** Howell's reliance on *Blair* is misplaced. The only factual similarities between the present case and *Blair* concern the jury demand and the alibi defense. However, what sets *Blair* most apart from Howell's case is that the pretrial deficiencies in *Blair* were compounded by the absence of any defense at all. Notably, the Second District observed that defense counsel had "stated unequivocally that he was not prepared to go to trial and that he believed his lack of preparation would constitute ineffective assistance of counsel." *Id.* at ¶ 14. Specifically, defense counsel told the court, "I'm not prepared to ask any questions of any witnesses nor present any evidence whatsoever and I believe that constitutes ineffective assistance of counsel." *Id.* at ¶ 15. Defense counsel requested a continuance which the trial court denied, and counsel then proceeded to sit silently through the entire trial without presenting any defense whatsoever. *Id.* at ¶ 16.

**{¶21}** Contrary to the defense counsel in *Blair*, Howell's trial counsel here never indicated that she was not prepared to go to trial. Also, in *Blair*, the public defender did not ask any questions of any of the witnesses. He sat silently through the trial without presenting any defense whatsoever. In contrast, Howell's trial counsel here did ask questions of the witnesses. She cross-examined the victim and questioned Howell when he took the stand.

**{¶22}** In evaluating the alleged pretrial deficiencies under the facts and circumstances of this case, we decline to characterize the assistance of Howell's trial counsel as ineffective. For example, Howell argues that his trial counsel was ineffective for not giving an opening statement or closing argument. Howell's argument ignores the nature of the proceedings in this case. The case was a relatively uncomplicated misdemeanor case, involving only three witnesses, and tried to the bench in a municipal court.

{¶23} Even in significantly more complex cases, a trial counsel's decision not to give an opening statement or closing argument has been viewed as reasonable assistance. For example, *State v. Bradley*, 42 Ohio St.3d 136, 144, 538 N.E.2d 373 (1989) was a death penalty case where the defendant's trial counsel did not give an opening statement or closing argument in the guilt phase of the trial. There the Ohio Supreme Court opined: "Given, however, the 'strong presumption' that counsel's performance constituted reasonable assistance, counsel's actions must be viewed as tactical decisions and do not rise to the level of ineffective assistance." *Id.* at 144, 538 N.E.2d 373.

{¶24} As for Howell's argument that his counsel was ineffective for not filing a Crim.R. 29 motion for acquittal, this court has stated: "Counsel has no duty to make fruitless motions. A motion for acquittal deals with sufficiency of the evidence and the test is thus whether the state set forth adequate evidence so that a reasonable person could find the elements proven beyond a reasonable doubt." *State v. Stragisher,* 7th Dist. No. 03-CO-13, 2004-Ohio-6797, ¶ 76. In this instance, S.F. testified unequivocally (albeit reluctantly) that she and Howell were living together and were in a relationship, and that he had struck her in the head. Thus, the State presented sufficient evidence on which a reasonable person could have found Howell guilty of domestic violence. Consequently, Howell's counsel was not ineffective for failing to make such a motion.

{¶25} Lastly, we give some consideration to the assistance of Howell's trial counsel viewed in the context of the relatively small time frame within which she had to prepare. It appears as though Howell did not disclose his indigency or did not become indigent until the bond revocation hearing held on January 13, 2015. That same day, the trial court filed a judgment entry noting that Howell had appeared without counsel and then filed a judgment entry the next day appointing him counsel. Howell's appointed appellate counsel acknowledges that, with the trial set for January 29, 2015, Howell's appointed trial counsel had only 14 days to prepare. However, contrary to statements made by Howell's appointed appellate counsel and the State

in their appellate briefs in this appeal, Howell did not sign a waiver of speedy-trial rights. The January 21, 2015 judgment entry resetting the case for trial on January 29, 2015, contains a time waiver section. However, the provision for waiving the statutory time limits for trial is checked then crossed out, and does not contain the signatures of Howell or his counsel in the spaces provided. Thus, based on the record that is before us, it is quite apparent that Howell did not waive his right to a speedy trial and, in fact, wanted a speedy trial. Consequently, to the extent that this may somehow be viewed as ineffective assistance on the part of Howell's trial counsel, such error was invited by Howell himself.

{¶26} Accordingly, Howell's sole assignment of error is without merit.

{¶27} The judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, J., concurs.