[Cite as *State v. Eaton*, 2018-Ohio-1968.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105926 and 105927**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEMARCUS EATON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612481-A and CR-17-613662-A

**BEFORE:** Jones, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 17, 2017

**ATTORNEY FOR APPELLANT**

Amichai Eitan Zukowsky
23811 Chagrin Boulevard, Suite 160
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Shannon M. Raley
        Geoffrey S. Minter
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Demarcus Eaton ("Eaton") appeals his convictions and sentence. For the reasons that follow, we affirm.

{¶2} In December 2016, Eaton was charged with kidnapping with one- and three-year firearm specifications, carrying a concealed weapon, aggravated menacing, and resisting arrest in Cuyahoga County Common Pleas No. CR-16-612481-A. He was released on bail, but failed to appear at his arraignment, and a capias was issued for his arrest. He was subsequently indicted with four counts of menacing by stalking and carrying a concealed weapon in Cuyahoga County Common Pleas No. CR-17-613662-A.

{¶3} At a pretrial hearing, both cases were set for trial. The day before trial, the state

filed a motion to join the two cases.    On the day of trial, the court began by calling both cases to trial:

> Court:    We have Case Nos. 612481 and 613662, State of Ohio versus Demarcus Eaton.
>
> * * *
>
> Court:    This case is set for trial. We have nine counts, starting with kidnapping, a felony of the first degree; carrying a concealed weapon, a felony of the fourth degree; aggravated menacing, a Misdemeanor 1; resisting arrest, a Misdemeanor 2; menacing by stalking, a Felony 4 times four, four counts of that on two different
> days; and another carrying a concealed weapon.
>
> * * *
>
> Court:    Are we ready for trial, counsel?
>
> State:    Yes, Your Honor. The State is ready to proceed.
>
> Court:    [Defense Counsel]?
>
> Defense Counsel: Yes, Your Honor.

{¶4} The court began voir dire, but during the lunch break, defense counsel informed the court that he did not think the court had ruled on the state's motion for joinder and "the second case I was not preparing for with respect to trial."    The court noted that defense counsel had been assigned to the cases since the beginning and that the court's docket noted that the original trial date of April 5, 2017, was continued at the defendant's request until April 25, 2017, because the defendant had just been arraigned on a new case.

{¶5} The court granted the state's motion to join the two cases.    A jury convicted Eaton of two counts of carrying a concealed weapon, aggravated menacing, and three counts of menacing by stalking.    The trial court sentenced Eaton to a total of 12 months in prison.

{¶6} Eaton now appeals, raising two assignments of error for our review:

I: The trial court erred and abused its discretion by granting the State's Motion for Joinder of Cases beyond the deadline established by Criminal Rule l2(D).

II: The Appellant was denied his right to the effective assistance of counsel, in violation of his rights as protected by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

{¶7} In the first assignment of error, Eaton contends that the trial court erred when it joined his two cases together.

{¶8} Crim.R. 13 provides that a trial court may order two or more indictments to be tried together "if the offenses or the defendants could have been joined in a single indictment or information." Crim.R. 8(A) governs the joinder of offenses in a single indictment. Under Crim.R. 8(A), two or more offenses may be charged together if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

{¶9} The law favors joining multiple offenses in a single trial if the requirements of Crim.R. 8(A) are satisfied. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 94. "[J]oinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries." *State v. Torres*, 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (1981); *see also State v. Schiebel*, 55 Ohio St.3d 71, 86-87, 564 N.E.2d 54 (1990); *State v. Schaim*, 65 Ohio St.3d 51, 58, 600 N.E.2d 661 (1992).

{¶10} Under Crim.R. 14, however, the trial court may grant a severance if it appears that the defendant would be prejudiced by the joinder. The defendant bears the burden of proving

prejudice. *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶ 29.

{¶11} If a defendant claims he or she has been prejudiced by the joinder, the state may refute the defendant's claim of prejudice under two methods. Under the first method, the state must show that the evidence from the other case could have been introduced pursuant to the "other acts" test of Evid.R. 404(B); under the second method (referred to as the "joinder test"), the state does not have to meet the stricter "other acts" admissibility test but only need show the evidence of each crime joined at trial is "simple and direct." *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990). "[W]hen simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Id.*

{¶12} "Simple and direct" evidence means the evidence of each crime is "so clearly separate and distinct as to prevent the jury from considering evidence of [one crime] as corroborative as the other." *State v. Quinones*, 11th Dist. Lake No. 2003-L-015, 2005-Ohio-6576, ¶ 48. *See also State v. Varney*, 4th Dist. Hocking Nos. 07CA18 and 07AP18, 2008-Ohio-5283 (the purpose of the "joinder test" is to prevent the finder of fact from confusing the offenses).

{¶13} Eaton argues that the trial court erred because the state's motion for joinder was made less than seven days before trial, contrary to Crim.R. 12(D). He also contends that defense counsel was unprepared to go to trial, as evidenced by counsel's statements and his performance at trial.

{¶14} In denying Eaton's motion for a continuance, the court noted that defense counsel's statement that he was ill-prepared for trial was directly contrary to his statement to the court earlier that day that he was ready to proceed to trial:

Court:   Are we ready for trial, counsel?

State:   Yes, Your Honor.   The State is ready to proceed.

Court: [Defense Counsel]?

Defense Counsel:   Yes, Your Honor.

{¶15} The court further noted both cases were ripe for joinder because they arose out of a continuing course of conduct and involved the same victim.   Finally, the court noted that Case No. CR-16-612481-A was previously scheduled for trial on April 5, 2017, but was rescheduled for April 25, 2017 at Eaton's request, because Eaton had just been arraigned on the second case, CR-17-613662-A.   As such, the court stated, it was "clear and was assumed at that time" that the two cases would be joined.

{¶16} The evidence in the two cases showed that the offenses shared a common purpose, motive, or scheme and were thus part of the kind of course of criminal conduct contemplated by Crim.R. 8.   Accordingly, the multiple indictments were properly tried together under Crim.R. 13.   Again, as the court noted, its February 13, 2017 journal entry stated that the trial previously scheduled for April 5 was rescheduled to April 25 at Eaton's request.   On April 25, the court called the cases for trial, listed both cases numbers on the record, and outlined the charges in both cases:

Court:   We have Case Nos. 612481 and 613662, State of Ohio versus Demarcus Eaton.

* * *

Court:   This case is set for trial. We have nine counts, starting with kidnapping, a felony of the first degree; carrying a concealed weapon, a felony of the fourth degree; aggravated menacing, a Misdemeanor 1; resisting arrest, a Misdemeanor 2; menacing by stalking, a Felony 4 times four, four counts of that on two different
days; and another carrying a concealed weapon.

The court then asked if there was a plea offer in the matter. The state outlined the plea offer, which included both cases. Eaton declined the state's plea offer, and the matter proceeded to trial.

{¶17} We further note that after defense counsel initially told the trial court he was not prepared to go to trial "on the second case," he quickly retracted his statement, explaining to the court that what he meant was that he was unprepared to respond to the state's motion for joinder.

{¶18} In light of the above, we find that the trial court did not err when it granted the state's motion for joinder. The first assignment of error is overruled.

{¶19} In his second assignment of error, Eaton claims he was afforded ineffective assistance of trial counsel.

{¶20} In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonable representation, and (2) the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶21} A defendant's failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be

followed." *Strickland* at *id.*

{¶22} Eaton claims that his counsel was unprepared to go to trial on the second case and counsel's unpreparedness was evident throughout trial. Eaton fails to cite any specific instances in the record to support his claim; therefore, he is unable to demonstrate that counsel's conduct had an effect on the jury verdict. Moreover, we note that counsel did not say that he was unprepared for trial. Counsel told the court he was unprepared to answer the state's motion for joinder. Again, both Eaton and his counsel were aware, or should have been aware, that the two cases would be joined when Eaton requested his April 5 trial date be continued because he had just been indicted in Case No. CR-17-613662-A.

{¶23} In light of the above, we cannot say that Eaton's counsel's representation fell below an objective standard of reasonableness. In fact, the jury acquitted Eaton of multiple counts, including the most serious felony, which was kidnapping with one- and three-year firearm specifications.

{¶24} Based on the foregoing analysis, Eaton cannot demonstrate a reasonable probability that but for counsel's alleged deficient performance, the result of trial would have been different. His second assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR