[Cite as *Cleveland v. Marsh*, 2022-Ohio-2587.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 111129 |
| v. | : | |
| KAMILYA D. MARSH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020 CRB 005644

### *Appearances:*

Mark D. Griffin, City of Cleveland Director of Law, Aqeelah Jordan, Chief Prosecutor, and Matt Bezbatchenko, Assistant City Prosecutor, *for appellee.*

Law Offices of Craig W. Smotzer, LLC, and Craig W. Smotzer, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Kamilya Marsh appeals her conviction for aggravated menacing, following a bench trial, culminating in a ten-day jail term, $50 fine, and court costs. For the following reasons, we affirm.

{¶ 2} Marsh's daughter (an adult) physically assaulted the victim (a minor) on a public sidewalk near their homes. The parties lived in the same neighborhood. After the initial altercation, the victim was angered and remained in the area. Marsh was alleged to have brandished a firearm at that time in response to the victim's continued presence, or at the least told the victim she would shoot her if she did not leave the area. According to Marsh, however, she does not own a firearm and never told the victim she would fire a weapon. The victim and her mother (who witnessed the altercation and Marsh's conduct) disagreed on the description of the firearm. The victim claimed it was a silver revolver, while her mother claimed the firearm was black with no further descriptive information.[1] According to Marsh, the victim remained on Marsh's property at the time of the alleged offense, but the victim claimed to be walking on the street at the time. Police officers arrested Marsh for a first-degree misdemeanor aggravated menacing charge, a violation of Cleveland Codified Ordinances 621.06.

{¶ 3} The pretrial proceedings were lengthy. The court set the case for a pretrial conference on October 27, 2020, at which time a warrant was issued for

---

[1] Marsh assigns no error to the weight of the evidence in support of her conviction following the bench trial. The trial court expressly found the evidence of the brandishing of the firearm to constitute the aggravated menacing offense. Tr. 65:20-69:4.

Marsh's failure to appear. On December 30, 2020, an assistant Cuyahoga County Public Defender filed a motion to recall the capias and to issue a new court date. The court scheduled a hearing on January 8, 2021. The January 8 hearing resulted in a pretrial being scheduled for January 27, 2021, culminating with a trial date of May 19, 2021, after a series of pretrial conferences. The victim and her mother did not appear for the May 19 trial date, and the matter was continued. The court granted a final continuance over the defense objection and set a new trial date of June 2, 2021. On June 2, 2021, the case again was called for the trial; however, the victim and her mother appeared, but Marsh left the courthouse after their arrival. The court again issued a warrant for Marsh.

{¶ 4} The warrant was eventually recalled, and a new pretrial conference date was set for September 20, 2021. A second assistant public defender appeared on Marsh's behalf. Eventually, a new trial date was set for October 27, 2021, with the help of a third assistant public defender. On October 27, 2021, Marsh appeared for trial with a fourth assistant public defender, who was "filling in" on the case for that week.

{¶ 5} According to the fourth assistant public defender, she was not anticipating the victim or her mother to appear and was unprepared to proceed to trial. After the court provided an opportunity for the fourth assistant public defender to step outside the courtroom to make phone calls, the trial commenced. The third assistant public defender appears to have been available because he entered an appearance to present Marsh's case in chief.

{¶ 6}   During the city's case in chief, the fourth assistant public defender, in representing Marsh, cross-examined the victim and her mother in an attempt to demonstrate that the victim had been trespassing on Marsh's property.  Marsh also challenged the victim's and her mother's credibility, especially pertinent in light of the victim and her mother's inability to agree on the description of the firearm, and probed the witnesses on their actual state of fear from Marsh's alleged conduct. After the city rested its case in chief and the municipal court denied the Crim.R. 29 request for acquittal, the third assistant public defender entered his appearance to present Marsh's defense, largely building on the theme from Marsh's cross-examination of the city's witnesses — that the victim had become the aggressor and was threatening to damage Marsh's home in an attempt to provoke Marsh or her daughter into a physical fight and that the victims were not in fear of harm from Marsh.  The defense's case in chief was in harmony with the overall trial strategy pursued during the city's case. Tr. 63:11-19.  Marsh also testified to the fact that she did not own a firearm.

{¶ 7}   At the conclusion of the trial, the municipal court found Marsh guilty of the aggravated menacing, and this appeal timely followed.  Marsh now claims that the trial court erred in denying her request for a continuance of the trial based on the fact that the third assistant public defender was unavailable and that the fourth assistant public defender to enter an appearance was unprepared to proceed on the day of trial.  In the alternative, Marsh claims that the combined representation of

the third and fourth assistant public defenders constituted ineffective assistance of counsel.

{¶ 8} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. [Therefore, an] appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Caraballo*, 8th Dist. Cuyahoga No. 97915, 2012-Ohio-5725, ¶ 29, quoting *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), and *State v. Bayless*, 48 Ohio St.2d 73, 101, 357 N.E.2d 1035 (1976). "When determining whether the trial court should have granted a motion for a continuance: 'the length of delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors'" are considered. *Id.* at ¶ 30, quoting *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990).

{¶ 9} The basis of Marsh's request for a continuance of the trial was to facilitate the third assistant public defender's appearance because the assistant public defender filling in for the week declared herself unprepared for trial. Defense counsel, at the time of her continuance request, did not offer a time frame for when the third assistant public defender would become available or the reason for his unavailability. The third assistant public defender ultimately entered an appearance at the trial. Although in hindsight it appears that a brief delay to the trial would have facilitated the third public defender's appearance, and thus it could be argued that

the abundance of caution would have militated in favor of the short delay, there is no prejudice. And further on this point, nothing in the record indicates whether the municipal court was informed of the fact that the third assistant public defender could have been available with only a short delay. Nevertheless, the issues surrounding the denial of a continuance, however, are not dispositive.

{¶ 10} If we conclude the assistant public defenders' representation of Marsh at trial constitutes ineffective assistance of counsel, the continuance issue is moot. App.R. 12(A)(1)(c). In that situation, the matter would be remanded for a new trial. On the other hand, if we find that the representation of Marsh at trial did not constitute ineffective assistance of counsel, any error with respect to the continuance would be at best harmless error since despite the lack of a continuance, Marsh received constitutionally adequate representation from the public defender's office during her trial. Crim.R. 52(A). In this particular case, the continuance request was inextricably intertwined with the ineffective assistance of counsel claim. *State v. Blair*, 171 Ohio App.3d 702, 2007-Ohio-2417, 872 N.E.2d 986, ¶ 1 (2d Dist.) (resolving the lack of continuance of the trial under the ineffective-assistance-of-counsel claim based on defense counsel's professed lack of preparedness).

{¶ 11} "[A]ppellate courts generally review ineffective assistance of counsel claims on a de novo basis * * *." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that his trial counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 49. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 12} In this case, Marsh's entire argument is premised on the fourth assistant public defender's self-disparaging proclamation that her representation during trial would constitute ineffective assistance of counsel because she was not anticipating the trial to proceed and was merely "filling in" for the third assistant public defender for the week. Even if accepted as true, the fact that Marsh's counsel claimed her performance at trial would be deficient is not in and of itself dispositive. Whether counsel's performance was deficient is determined by the actual representation provided, not from conclusory statements uttered beforehand. Further, a defense counsel's legal conclusion as to the existence of ineffective assistance of counsel, is not binding. It is for this court to decide whether defense counsel's conduct constituted ineffective assistance of counsel based on the specific instances of unprofessional conduct identified by the defendant. *State v. Eaton*, 8th Dist. Cuyahoga Nos. 105926 and 105927, 2018-Ohio-1968, ¶ 22 (defendant failed "to cite any specific instances in the record to support his claim; therefore, he is unable to demonstrate that counsel's conduct had an effect" on the verdict).

Although counsel's preparedness factors into the analysis, we must still review the defense counsel's conduct at the ensuing trial and cannot presume that counsel's performance was unprofessional solely based on her pretrial conclusion.

{¶ 13} A claim of ineffective assistance requires the defendant to not only prove a deficient performance, but that the outcome of the proceeding would have been different. An offender's "failure to prove either prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong." *Eaton* at ¶ 1, citing *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), and *Strickland* at 697. "'In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed.'" *Id.*, quoting *Strickland.*

{¶ 14} Marsh claims we can presume that the outcome would have been different based on the fourth assistant public defender's self-disparaging statements alone. The *Strickland* analysis, which Marsh presented as the controlling standard, requires a defendant to demonstrate prejudice. *Id.* It is the defendant's burden to demonstrate that the outcome would have been different. *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 94. The *Strickland* analysis is a two-part test, and one this court of review must undertake and not assume to exist based on the demonstration that counsel rendered a deficient performance. *Id.*; *State v. York*, 3d Dist. Union No. 14-21-14, 2022-Ohio-1626, ¶ 94 ("[B]are claims of

prejudice or "[c]onclusory statements that the outcome would have been different, without more, are not enough to carry a defendant's burden on the issue of prejudice."), quoting *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 22; *State v. Longworth*, 12th Dist. Butler No. CA2021-02-015, 2021-Ohio-4538, ¶ 35 (prejudice cannot be established through speculation and conjecture), quoting *State v. Brown*, 9th Dist. Lorain No. 20CA011618, 2021-Ohio-2540, ¶ 63, and *State v. Behrle*, 4th Dist. Adams No. 20CA1110, 2021-Ohio-1386, ¶ 40.

{¶ 15} A defendant is relieved of the burden to demonstrate prejudice only in the narrowest of circumstances, one such being counsel's total absence during a critical stage of the proceeding. *Cronic v. U.S.*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (defense attorney's trial preparation period was not so short as to deprive defendant of his Sixth Amendment rights).

{¶ 16} Marsh has not claimed, much less even referenced, the relevant case law derived from *Cronic* to avoid the necessity of demonstrating prejudice. App.R. 16(A)(7). We will not take up the mantle of proving the existence of error on her behalf. It is not this court's obligation to provide analysis and a complete discussion of the standard of review. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), and *Carducci v. Ryan*, 714 F.2d 171, 177 (D.C. Cir.1983) ("'[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as

arbiters of legal questions presented and argued by the parties before them.'"); *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988) ("[A]ppellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.'").

{¶ 17} Inasmuch as Marsh cites *Blair*, 171 Ohio App.3d 702, 2007-Ohio-2417, 872 N.E.2d 986, at ¶ 1 (2d Dist.), in support of her request for a new trial, we find that case unpersuasive with respect to Marsh's claim that we may presume the existence of prejudice in this case. In *Blair*, similar to the current situation, several assistant public defenders represented the defendant throughout the pretrial proceedings. The latest to enter an appearance received the case the day before trial and professed his inability to proceed. The court denied a continuance, and the assistant public defender sat idle throughout the trial, providing no representation to the defendant. *Id.* at ¶ 3. Importantly, in reversing the conviction, the focus was on the claim of the ineffective assistance of counsel standard as announced under *Strickland.* The Second District concluded that the prejudice prong of the ineffective-assistance-of-counsel claim was not merely presumed, but was based on other indicia of ineffective assistance to support the prejudice claim. *Id.* at ¶ 17. The court was demonstrably troubled by the fact that the public defender's office in general had failed to prepare for trial, failed to file a notice of alibi and failed to timely demand trial. *Id.* Further, and more important, the court was focused on the defense counsel's decision to not participate in trial after having the request for a

continuance denied. *Id., but see State v. Robinson*, 2d Dist. Clark No. 2013 CA 69, 2014-Ohio-3645, ¶ 37 (defense counsel's four days of preparation time for a felony rape trial did not violate the defendant's constitutional rights).

{¶ 18} *Blair* represents a unique situation in which the defense counsel completely failed to undertake his obligations to the defendant. *Cronic*, 466 U.S. at 658, 104 S.Ct. 2039, 80 L.Ed.2d 657. Importantly, *Blair* emphasized the necessity of demonstrating that the outcome of the proceedings would have been different rather than merely presuming prejudice based on the trial counsel's self-serving claims of rendering ineffective assistance, although arguably the defendant was relieved of that burden in *Blair* based on the absolute failure of defense counsel to provide any representation during the trial under *Cronic*. None of the factors contributing to the Second District's conclusion are present in this case, and Marsh asks this court to presume prejudice exists solely based on defense counsel's statements. Upon the arguments presented for our review, *Blair* is inapposite. Further, not even *Blair* permits a presumption of prejudice and Marsh has not cited, much less demonstrated the applicability of *Cronic* and its progeny to his situation in which his defense attorneys participated in the trial. App.R. 16(A)(7).

{¶ 19} Nevertheless, even if we gave Marsh every benefit of the doubt with respect to the prejudice prong of the analysis, Marsh has not cited any specific instances in the record to support her claim that either of the defense attorneys' conduct was deficient. *Eaton*, 8th Dist. Cuyahoga Nos. 105926 and 105927, 2018-Ohio-1968, at ¶ 22 (the failure to cite any specific instances in the record to support

an ineffective-assistance-of-counsel claim means that the defendant is unable to demonstrate that counsel's conduct affected the verdict); App.R. 16(A)(7). Defense counsel's self-disparaging legal conclusion before trial is not sufficient to demonstrate the existence of ineffective assistance of counsel, which must consider defense counsel's trial conduct.

{¶ 20} In light of the limited arguments presented for review, we overrule both assigned errors. Despite the fourth assistant public defender's protestations otherwise, the record demonstrates that she fulfilled her obligation to provide a zealous defense and Marsh has not claimed, much less demonstrated, that either defense attorney missed any defenses or opportunities, much less any specific instance of unprofessional conduct during the actual trial, that could have affected the outcome of the proceeding. Further, the continuance requested was for the sole purpose of permitting the third assistant public defender to appear at trial, which was accomplished during Marsh's case in chief, and he confirmed that his colleague's trial tactic was in line with the overall theory of the defense he anticipated pursuing— harmonizing the defense's trial tactic as between the two attorneys. Tr. 63:11-19.

{¶ 21} Without any other assigned errors having been provided for our consideration, we affirm the conviction.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR