[Cite as *State v. Jones*, 2016-Ohio-951.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                :

        Plaintiff-Appellee,             :                    No. 15AP-530
                                          (C.P.C. No. 13CR-6673)

v.                                           :

Marnell D. Jones,                            :                    (REGULAR CALENDAR)

        Defendant-Appellant.            :

D E C I S I O N

Rendered on March 10, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee. **Argued:** *Laura R. Swisher*

**On brief:** *David K. Greer*, for appellant. **Argued:** *David K. Greer*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Marnell D. Jones, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of two counts of felonious assault and one count of kidnapping. Because the trial court abused its discretion in denying appellant's presentence motion to withdraw his guilty plea, we reverse.

## I. Facts and Procedural History

{¶ 2} By indictment filed December 23, 2013, plaintiff-appellee, State of Ohio, charged appellant with 8 counts of kidnapping, in violation of R.C. 2905.01, felonies of the first degree; 2 counts of aggravated robbery, in violation of R.C. 2911.01, felonies of the first degree; 5 counts of felonious assault, in violation of R.C. 2903.11, felonies of the

second degree; and 2 counts of rape, in violation of R.C. 2907.02, felonies of the first degree. All 17 counts of the indictment carried accompanying firearm specifications. The indictment requested the case be made a codefendant of Martin Hudson, Obryan Jones, Belynda Coffman, and Jonte Word. Appellant entered a plea of not guilty to all charges.

{¶ 3} On October 6, 2014, appellant and his codefendant Obryan Jones appeared at a hearing with counsel on the scheduled trial start date. The state informed the trial court of its offer of a plea agreement of guilty pleas to two counts of felonious assault, second-degree felonies, one count of kidnapping, a first-degree felony, and one three-year firearm specification, with no agreement as to sentence. Counsel for both appellant and Obryan Jones requested a continuance because, up until the morning of the scheduled trial start date, all four codefendants were to be tried together and counsel for all four codefendants had worked together to formulate a trial strategy. However, on the morning of October 6, 2014, the state informed defense counsel that codefendants Coffman and Hudson had accepted plea agreements from the state, and Coffman intended to testify for the prosecution against both appellant and Obryan Jones. Appellant's counsel informed the trial court he did not feel prepared to try the case because he had no time to prepare for Coffman as a state's witness, and the trial strategy had included Hudson's counsel conducting the voir dire. Based on these changed circumstances, appellant's counsel stated, "I do not feel that I am competent as an attorney who's tried hundreds of cases over 40 years to do the kind of job that my client deserves." (Oct. 6, 2014 Tr. 9.) Appellant's counsel further stated, "I believe that justice is being denied my client and will be denied [Obryan Jones] if we had to go to trial today. * * * And I want the Court of Appeals to understand that's my professional opinion." (Oct. 6, 2014 Tr. 11.) The state opposed the continuance, arguing its theory of the case had not changed. Appellant's counsel then reiterated, "I just want the record to reflect that I am confident that I am not prepared to try this case today." (Oct. 6, 2014 Tr. 14.) The trial court denied the request for a continuance but recessed the case until that afternoon.

{¶ 4} When appellant and his counsel appeared before the trial court that afternoon, appellant informed the court of his intention to accept a plea agreement from the state. The trial court asked appellant whether he was voluntarily pleading guilty to two counts of felonious assault, one count of kidnapping, and one three-year firearm

specification in exchange for the dismissal of the remaining charges and specifications, and appellant indicated he was doing so voluntarily. The trial court informed appellant of the maximum possible sentence he could face for each offense, and the court further informed appellant of the rights he was giving up by agreeing to plead guilty; appellant stated he understood the offenses, possible sentences, and that he was voluntarily giving up his trial rights. The state then recited the facts underlying the plea agreement. When the trial court asked appellant's trial counsel whether he had any exceptions to the stated facts, trial counsel responded:

> [A]s an aider and abettor my client is guilty of the two F-2s and the F-1 with a gun spec. As far as exactly what his participation was, I would like to -- so that I -- there is definitely evidence to show that he's -- his plea is being properly taken.
>
> But as to exactly what he did or when he did it -- I want to wait until the PSI is done to see what they say.

(Oct. 6, 2014 Tr. 23.) At the close of the plea hearing, the trial court scheduled the matter for sentencing on November 21, 2014. Following the hearing, the trial court continued the sentencing hearing until December 19, 2014.

{¶ 5} On November 25 and 26, 2014, the trial court docketed a series of letters that appellant sent to his trial counsel and directly to the trial court indicating: (1) he wanted to file a motion to withdraw his guilty plea; (2) he wanted his trial counsel to withdraw from the case; and (3) he wanted new counsel appointed to help him subpoena various evidentiary materials and to more fully investigate his case. Subsequently, on November 28, 2104, three weeks prior to his scheduled sentencing hearing, appellant filed a pro se motion to withdraw his guilty plea. Appellant's trial counsel withdrew as attorney of record and the trial court appointed a new attorney to represent appellant going forward. Appellant pro se renewed his motion to withdraw his plea on December 4, 2014 and March 9, 2015.

{¶ 6} The trial court conducted a hearing on March 17, 2015 on appellant's pro se motion to withdraw his guilty plea. Though appellant was represented by counsel at the plea hearing, the hearing began with appellant's newly appointed attorney stating he did not believe it was in appellant's best interest to pursue the motion to withdraw the plea

because he had reviewed the discovery in the case and had learned the state was not willing to offer a better plea agreement than the one appellant already accepted. Nonetheless, new counsel stated he was prepared to argue the motion on appellant's behalf.

{¶ 7} The only witness at the hearing was appellant. He testified that the morning of his scheduled trial start date, his trial counsel "told [him] that he was not competent enough to represent [him] and, if [appellant] didn't enter this guilty plea, that [he] would do life in prison." (Mar. 17, 2015 Tr. 31.) Appellant said his trial counsel did not review the plea form with him; instead, he said he did not read the form himself but only "got a little glance" at the form," and that his trial counsel told him to sign it. (Mar. 17, 2015 Tr. 32.) Appellant said he only signed the form because he "was in fear for [his] life * * * believing any word that [his trial counsel] told [him], that if [he] did not sign that paper, that [he] would do life in prison just due to the fact that [his trial counsel] was not competent enough to represent [him]." (Mar. 17, 2015 Tr. 33.) Further, appellant said he could not recall the plea colloquy in the courtroom because he "was in pure shock and not really coherent to what was going on around me." (Mar. 17, 2015 Tr. 34.) As soon as he got back to his cell, appellant said he realized what had just happened, so he called his family and asked them to contact his trial counsel to tell him that appellant wanted to withdraw his plea. Because his trial counsel never filed a motion to withdraw the plea, appellant filed his own pro se motion and asked to have his trial counsel removed from the case.

{¶ 8} On cross-examination, appellant agreed that prior to the start of trial, he had indicated a willingness to talk to prosecutors about a possible proffer. Appellant also agreed that he had sent letters to the prosecuting attorneys stating he did not think it was fair that Coffman received "a lower charge" than he did in his plea agreement. (Mar. 17, 2015 Tr. 50.)

{¶ 9} At the close of the hearing, the trial court denied appellant's motion to withdraw his guilty plea. The trial court determined appellant did not appear to be claiming actual innocence, and the court noted appellant had plenty of opportunities at the plea hearing to state he was not entering his plea voluntarily. Further, the trial court stated that trial counsel's statements that he was not prepared for trial had been "taken

totally out of context."  (Mar. 17, 2015 Tr. 56.)  After noting appellant could face almost 200 years in prison if he received the maximum sentence on all the charged offenses, the trial court concluded that not only had appellant not articulated grounds to withdraw his plea, but "it would be strongly against [appellant's] own interests to withdraw the plea." (Mar. 17, 2015 Tr. 56.)

{¶ 10} At a May 20, 2015 sentencing hearing, the trial court imposed a term of imprisonment of 6 years for each count of felonious assault, 6 years for the kidnapping count, and a mandatory 3 years for the firearm specification.  The trial court ordered the sentences to be served consecutively for an aggregate sentence of 21 years.  The trial court journalized appellant's convictions and sentence in a May 20, 2015 judgment entry. Appellant timely appeals.

## II.  Assignments of Error

{¶ 11} Appellant assigns the following errors for our review:

[1.] The trial court abused its discretion in overruling appellant's presentence motion to withdraw his guilty plea, when his counsel was unprepared for trial, the court failed to inquire if appellant was satisfied with counsel's representation, and the state did not assert any prejudice. Appellant was thus denied his right to a jury trial and due process of law, in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

[2.] The trial court committed plain error when it considered appellant's alleged letters to the court and presentence report, which were not admitted in evidence, in overruling his motion to withdraw his guilty plea.  Appellant was thus denied due process of law and right of confrontation under the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

[3.] The trial court committed plain error when it considered at sentencing its recollection of the co-defendant's trial of which appellant was not a party, denying him due process of law under the Fourteenth Amendment of the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

[4.] Trial counsel's failure to object to extrajudicial information, both at the plea withdrawal hearing and at

sentencing, denied appellant the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

[5.] The trial court committed plain error in sentencing appellant to consecutive prison terms without factual support for its findings pursuant to R.C. 2929.14(C)(4).

## A. First Assignment of Error – Motion to Withdraw Guilty Plea

{¶ 12} In his first assignment of error, appellant argues the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea.

{¶ 13} A criminal defendant may file a presentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This court has repeatedly noted that such motions should be " 'freely and liberally granted.' " *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Davis*, 10th Dist. No. 07AP-356, 2008-Ohio-107, ¶ 15. Even before the trial court imposes a sentence, however, there is no absolute right to withdraw a plea. *Zimmerman* at ¶ 11. A defendant who seeks to withdraw a guilty plea prior to sentencing must establish a reasonable and legitimate basis for the withdrawal of the plea. *Id.* The trial court must then hold a hearing to allow the defendant to make that showing. *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15. The decision to grant or deny a presentence motion to withdraw rests in the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} A trial court is not required to grant a presentence motion to withdraw a guilty plea. To determine whether a trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, we look to a number of non-exhaustive factors, including: (1) any potential prejudice to the prosecution if the trial court vacated the plea; (2) whether highly competent counsel represented the defendant; (3) the extent of the Crim.R. 11 hearing before the defendant entered his plea; (4) whether the defendant received a full hearing on his motion to withdraw his plea; (5) whether the trial court fully

and fairly considered the motion to withdraw the plea; (6) whether the defendant made the motion within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and possible penalties; and (9) whether the defendant may not have been guilty or had a complete defense to the crime. *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 25, citing *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13, citing *Fish* at 240.

{¶ 15} Appellant presented the trial court with three main reasons for wanting to withdraw his guilty plea: (1) his trial counsel was not prepared for trial; (2) his trial counsel pressured him into accepting the plea agreement; and (3) his trial counsel did not explain to appellant the charges to which appellant would agree to enter guilty pleas. The trial court conducted a full hearing on appellant's pro se motions to withdraw his guilty plea, though appointed counsel represented appellant at the hearing. At the conclusion of the hearing, the trial court denied appellant's motion, concluding appellant did not present a reasonable and legitimate basis to withdraw his plea. The trial court noted appellant was not asserting he was innocent of the charges, and the trial court stated the argument that appellant's trial counsel was not prepared to go to trial was "taken totally out of context." (Mar. 17, 2015 Tr. 56.) Ultimately, the trial court found that, given the number and seriousness of the charges appellant faced, he not only did not have a legitimate basis to withdraw his plea, but withdrawing his plea "would be strongly against [his] own interests." (Mar. 17, 2015 Tr. 56.) We must use the balancing test outlined above to determine whether the trial court abused its discretion in denying appellant's motion to withdraw his plea in light of his stated reasons.

### 1. Potential Prejudice to the Prosecution

{¶ 16} First, we agree with appellant that the record does not indicate any evidence of prejudice to the state "beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea." *Harris* at ¶ 26. Thus, the first factor weighs in favor of appellant.

### 2. Highly Competent Counsel

{¶ 17} The second factor, whether highly competent counsel represented appellant, requires closer examination. Appellant's main reasons for wanting to withdraw his plea were that his trial counsel was admittedly unprepared for trial and, as a result, appellant felt pressured to take the plea agreement right before the scheduled start of trial. The only witness at appellant's motion to withdraw hearing was appellant, as neither the state nor appellant called appellant's trial counsel to testify. However, the trial court had the transcript from the scheduled trial start date during which appellant's trial counsel repeatedly stated he did not feel prepared to go to trial based on the last minute notice that Coffman would now be available as a state's witness. This is not a case where the trial court explicitly found that appellant lacked credibility at the motion hearing. *See, e.g., State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 17 (noting the trial court explicitly found the defendant lacked credibility in arguing his counsel coerced him into accepting the plea agreement). Instead, the transcript corroborates appellant's testimony regarding his counsel's lack of preparedness given the change in circumstances just before the scheduled start of trial. When experienced counsel states on the record that he does not feel prepared to proceed to trial, such statements factor heavily into an analysis of whether an accused received adequate representation from competent counsel. *See State v. Blair*, 171 Ohio App.3d 702, 2007-Ohio-2417, ¶ 15 (2d Dist.) (finding the trial court erred in refusing to grant a continuance where the defendant's trial counsel stated on the record he was "not prepared" and he "believe[d] that constitutes ineffective assistance of counsel" should he have to proceed to trial at that time).

{¶ 18} The trial court indicated trial counsel's statements that he did not feel prepared to go to trial had been taken out of context, suggesting trial counsel meant those statements only to convey that trial counsel wanted more time to investigate Coffman. However, the record does not support such a conclusion. Though the trial court noted Coffman had been involved in the case all along so her sudden availability as a state's witness should not have rendered appellant's counsel unprepared to try the case, trial counsel stated he had prepared for a trial in which none of the four original codefendants would testify and that the focus of the trial would be impeachment of the state's previously disclosed witnesses. Appellant's trial counsel stated "we came in and prepared

for a trial, and all of a sudden that trial isn't the trial we prepared for," and "there's no way that any of us in this courtroom could have determined that that was going to happen." (Oct. 6, 2014 Tr. 8-9.) Additionally, he stated that he was not prepared to impeach Coffman's testimony because all he knew about Coffman up to that point was that she told police the events "never happened." (Oct. 6, 2014 Tr. 9.) As trial counsel pointed out, the state did not memorialize its conversation with Coffman in any way, so neither appellant nor his trial counsel had any way of knowing what Coffman might say at trial.

{¶ 19} Trial counsel's statements that he did not feel prepared extended beyond the sudden availability of Coffman as a state's witness. Appellant's trial counsel informed the trial court that he had planned on Hudson's attorney conducting the voir dire and he had not "taken any steps to fashion a voir dire." (Oct. 6, 2014 Tr. 7.) Trial counsel stated he did "not feel that [he is] competent as an attorney who's tried hundreds of cases over 40 years to do the kind of job that [his] client deserves." (Oct. 6, 2014 Tr. 9.) He then reiterated two more times on the record that he believed justice would be denied his client if he were forced to go to trial that day and that he did not feel competent to represent his client at that time. The court then recessed for lunch and, when court resumed, appellant had suddenly agreed to accept a plea agreement. At the plea hearing, trial counsel's statements indicated trial counsel was uncertain about appellant's role in the offenses. Given the transcript of proceedings showing appellant's trial counsel repeatedly stating he did not feel he could competently represent his client, we conclude the second factor of our balancing test weighs heavily in appellant's favor.

### 3. Crim.R. 11 Hearing

{¶ 20} The third factor examines the extent of the Crim.R. 11 hearing before the defendant enters his or her plea. On October 6, 2014, appellant appeared in court anticipating the start of a jury trial as one of four codefendants; by the early afternoon, he instead found himself in front of the trial court agreeing to enter a guilty plea to three counts of the indictment.

{¶ 21} Pursuant to Crim.R. 11(C), before accepting a guilty plea from a defendant, the trial court must address the defendant personally to (1) determine that the defendant is making the plea voluntarily, understands the nature of the charges, and understands the maximum possible penalties; (2) inform the defendant of and determine that the

defendant understands the effect of the plea; and (3) inform the defendant of the trial rights the defendant is giving up by entering a plea and determine that the defendant understands he is giving up those rights. Crim.R. 11(C)(2).

{¶ 22} Appellant does not dispute that the trial court complied with the minimum requirements of Crim.R. 11(C). However, appellant argues the trial court did not inquire whether he was satisfied with his counsel. Though appellant does not point to any case law suggesting a mandatory duty to inquire as to the satisfaction with counsel, this court has previously considered a trial court's inquiry regarding satisfaction with counsel as among those factors a trial court may utilize to determine whether a plea is knowing, intelligent, and voluntary. *See, e.g.*, *State v. Wooden*, 10th Dist. No. 03AP-368, 2004-Ohio-588, ¶ 15 (concluding the trial court substantially complied with Crim.R. 11(C) where, among other inquiries, the trial court expressly inquired whether the defendant was satisfied with his counsel's representation); *Porter* at ¶ 25 (noting the trial court inquired as to the defendant's satisfaction with counsel in order to determine whether the plea was entered knowingly, intelligently, and voluntarily). Nonetheless, the trial court asked appellant whether his plea was voluntary, and appellant indicated that it was. Because the trial court complied with the requirements of Crim.R. 11 and because we agree with appellant that the trial court could have inquired further as to whether appellant was satisfied with his counsel, we conclude the third factor in our balancing test is neutral and does not weigh in favor of either the state or appellant.

### 4. Receipt of a Full Hearing on the Motion to Withdraw

{¶ 23} The fourth factor in the balancing test asks whether appellant received a full hearing on his motion to withdraw his guilty plea. The record reflects the trial court conducted a hearing on March 17, 2105 during which appellant testified regarding his reasons for wanting to withdraw his guilty plea. Thus, because the trial court gave appellant a full opportunity to be heard on his motion, the fourth factor weighs against a finding that the trial court abused its discretion in denying appellant's motion.

### 5. Full and Fair Consideration of the Motion

{¶ 24} The fifth factor looks to whether the trial court fully and fairly considered appellant's motion to withdraw his guilty plea. Though we concluded in our analysis of the fourth factor that appellant received a full hearing on his motion, the issue of whether

the trial court fully considered the motion is more complex. As we noted in our analysis of the second factor above, appellant's primary reason for wanting to withdraw his plea was that he felt pressured by his attorney to accept it because his counsel was admittedly unprepared for trial. In considering appellant's motion, however, the trial court seemed to discount appellant's reasons. The trial court did not explicitly find that appellant lacked credibility in his testimony; instead, our review of the transcript of the motion hearing suggests the trial court simply placed more weight on the fact that the plea agreement greatly reduced appellant's maximum possible sentence should he go to trial on all charges in the indictment. To the extent the trial court did consider appellant's arguments regarding his counsel, the trial court concluded only that trial counsel's statements that he was not prepared for the case had been taken out of context. Again, as we have already noted, the record does not support such a finding. Trial counsel made it abundantly clear that he was not prepared for trial given the last-minute change in circumstances and even went as far to say that if he were forced to go to trial at that time, his client would be denied his right to effective assistance of counsel. We conclude, therefore, the trial court did not give full consideration to appellant's stated reasons for wanting to withdraw his plea and instead placed greater weight on what the trial court deemed to be in appellant's best interest by avoiding trial. Thus, the fifth factor weighs in favor of appellant.

### 6. Reasonable Time

{¶ 25} The sixth factor asks us to consider whether appellant made his motion within a reasonable time. Less than two months elapsed between the date appellant entered his guilty plea and the date appellant filed his pro se motion to withdraw his plea. He filed his motion three weeks before his scheduled sentencing hearing. Additionally, he argues he told his family immediately after the plea to contact his trial counsel and tell him appellant wished to withdraw his plea, but his attorney never filed a motion on his behalf. Given all these factors, we conclude appellant filed his motion to withdraw within a reasonable time, and the sixth factor thus weighs in appellant's favor.

### 7. Specific Reasons for Withdrawal

{¶ 26} The seventh factor asks whether appellant set forth in his motion specific reasons for the withdrawal. In his initial pro se motion to withdraw his guilty plea filed on

November 28, 2014, his subsequent renewals of his pro se motion to withdraw his guilty plea, and at his motion hearing on March 17, 2015, appellant gave the same, specific reasons for wanting to withdraw his plea: (1) his trial counsel was not prepared for trial; (2) his trial counsel pressured him into accepting the plea agreement; and (3) his trial counsel did not explain to appellant the charges to which appellant would agree to enter guilty pleas. Additionally, appellant alleged that his trial counsel did not fully investigate the case. We conclude these are specific reasons for seeking withdrawal of the plea, and this factor weighs in favor of appellant.

### 8.  Whether Appellant Understood the Charges and Possible Penalties

{¶ 27} The eighth factor asks whether the defendant understood the nature of the charges against him and the possible penalties. At the Crim.R. 11 hearing, the trial court asked appellant whether he understood that he would be entering guilty pleas to two counts of felonious assault, one count of kidnapping, and one firearm specification, and appellant stated he understood. The trial court also told appellant the maximum possible sentence for each of those charges. In his motion to withdraw, however, appellant asserts his attorney did not explain the charges to him. Trial counsel's statements during the plea hearing indicate trial counsel was uncertain about appellant's involvement in the offenses and "want[ed] to wait until the PSI [was] done" to determine what happened. (Oct. 6, 2014 Tr. 23.)  Appellant testified at the withdrawal hearing that he does not remember telling the trial court that he understood the charges because he was still in shock over his attorney telling him to take the plea or face life in prison. Given these competing considerations, and again noting the trial court never found appellant lacking in credibility at the withdrawal hearing, we conclude the eighth factor is neutral and neither weighs for nor against a finding that the trial court abused its discretion.

### 9.  Possible Defenses to the Charges

{¶ 28} Under the ninth and final consideration, we look to whether appellant had possible defenses to the charges against him. Appellant argues he tried to escape the situation and withdraw from the offenses, and that he acted under the undue influence or duress of codefendant Obryan Jones. At the withdrawal hearing, the state asked appellant about letters he had written to the prosecuting attorneys in which appellant stated he was "the only one who really tried to plan an escape out of the situation," and he "beg[ged]"

the state to subpoena his cell phone records to read his text messages to "see that [he is] telling the truth."  (Mar. 17, 2015 Tr. 51; State's exhibit F.)

{¶ 29} Pursuant to R.C. 2923.03(E), renunciation of criminal purpose prior to the commission or attempt of an offense is an affirmative defense to complicity.  *State v. Harris*, 8th Dist. No. 96566, 2012-Ohio-10, ¶ 21.  Additionally, duress, though "available only in rare circumstances," is an affirmative defense.  *State v. Thompson*, 10th Dist. No. 08AP-956, 2009-Ohio-3552, ¶ 26, 31.  Though the state argues appellant could not adequately prove either of these defenses, and even the trial court at the motion hearing expressed some skepticism as to appellant's likelihood of success pursuing either of these defenses, the balancing test does not require the defendant seeking to withdraw his plea be able to uncontrovertibly prove his defense at the motion hearing.  Instead, the balancing test asks only whether the defendant had *possible* defenses.  Whether appellant will be successful in those defenses is for a jury to decide.  Thus, we find appellant has at least articulated possible defenses for purposes of the plea withdrawal balancing test.  Accordingly, we conclude the ninth factor weighs in appellant's favor.

{¶ 30} In summation, we conclude six of the nine factors in the balancing test weigh in favor of appellant.  Although no one factor is conclusive, we place great weight on trial counsel's statements to the court that he was not prepared for trial due to the last-minute plea agreement of a codefendant, her resulting agreement to appear as the state's witness, and the voir dire issues accompanying the last-minute plea, and we emphasize how those statements may have affected appellant's decision to accept the plea in the first place.  Having considered the totality of the circumstances, we conclude the trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea.  Accordingly, we sustain appellant's first assignment of error.

## B.  Second, Third, Fourth, and Fifth Assignments of Error

{¶ 31} Because our resolution of appellant's first assignment of error is dispositive and renders moot appellant's second, third, fourth, and fifth assignments of error, we need not address them.

## III.  Disposition

{¶ 32} Based on the foregoing reasons, the trial court abused its discretion when it denied appellant's presentence motion to withdraw his guilty plea.  Having sustained

appellant's first assignment of error, rendering moot appellant's second, third, fourth, and fifth assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and
cause remanded.*

DORRIAN, P.J., and HORTON, J., concur.